[Sac. No. 361.   Department Two.—December 16, 1898.]

JOHN TUOHY, Appellant, v. J. N. WOODS et al., Respondents.

122  665
133   61
133   62

122 665
d138 737

PROMISSORY NOTE—COLLATERAL SECURITY FOR MORTGAGE DEBT—EXTENSION OF TIME TO GRANTEE—RELEASE OF SURETIES.—Sureties who executed and deposited a note as collateral security for the payment of another note secured by mortgage, are released and exonerated from liability by an extension of time given by the mortgagee to a grantee of the mortgagor, who had assumed payment of the mortgage debt.

ID.—ASSUMPTION OF MORTGAGE DEBT—PRIVITY OF GRANTEE—SURETYSHIP.—A grantee of the mortgagor who assumes payment of the mortgage debt is not a mere stranger to the principal obligation, but becomes the principal debtor, and his grantor becomes his surety; and the doctrines concerning suretyship must control the dealings between the mortgagor, mortgagee, and such grantee.

ID.—CONSENT TO EXTENSION OF TIME—PLEADING—NEGATIVE AVERMENT IN ANSWER—BURDEN OF PROOF.—A negative averment in the answer of the sureties to a complaint on the collateral note that time for payment was extended to the grantee of the mortgagor, "without their consent," is unnecessary, and the absence of such consent need not be proved by them. It is sufficient for them to show that the principal contract was changed; and the burden of proof is upon the plaintiff to show that it was changed with their consent.

ID.—EXTENT OF INJURY TO SURETIES IMMATERIAL.—The extent to which the sureties were injured by the extension of time on the principal obligation is immaterial, and is not a legitimate subject of inquiry in an action to enforce their liability.

APPEAL—IMMATERIAL FINDINGS.—Immaterial findings which do not affect the correctness of the judgment, though erroneous, are not ground for reversal of the judgment.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

W. B. Wallace, and Kile & Plummer, for Appellant.

Woods & Levinsky, and Dudley & Buck, for Respondents.

McFARLAND, J.—This is an appeal by plaintiff from a judg-

ment in favor of defendants, and from an order denying a motion for a new trial.

The action was brought upon a promissory note, in the usual form, for five thousand dollars and interest, dated September 26, 1890, payable one year after date to plaintiffs or order, and signed by defendants. In their answer defendants, after some denials and averments not necessary to be here considered, allege that the note sued on was given solely as security for the payment of the principal and interest of a certain other note for eighty-two thousand five hundred dollars and interest, to be made by one John Herd, Jr., to the plaintiff, and which note was so made by Herd to plaintiff, dated October 21, 1890, and payable on or before October 1, 1894, which note was secured by mortgage given by Herd to plaintiff upon certain lands; and that the plaintiff afterward extended the time for the payment of said note for a period of more than two years, and that by such extension defendants were released and exonerated from the payment of the note here sued on—they by signing said note becoming merely sureties for the payment of said note of eighty-two thousand five hundred dollars. The court found that the note sued on was signed by defendants merely as sureties, that the plaintiff did extend the time for the payment of the said note and mortgage, and that thereby the defendants were exonerated and their obligation as such sureties satisfied and extinguished.

The evidence was sufficient to justify the said findings of the court. At the time the note sued on was signed by defendants there was also a written agreement made by the plaintiff and the defendants to the effect that the note should be placed in escrow with the Bank of Visalia for so long as the annual interest on the eighty-two thousand five hundred dollar note should be paid, and that if the said interest should not be paid, "or if at the maturity of said last-named note full principal and interest due thereon be not paid, then said Bank of Visalia shall in either event deliver said first-named note to John Tuohy, or order, or otherwise to be returned to said Woods Brothers." This written agreement, together with other testimony, warranted the court in finding that defendants, by signing said note, became merely sureties as aforesaid. There was also sufficient evidence to warrant the finding that plaintiff extended the payment of

said note.  Herd conveyed the mortgaged premises to one Linder, who expressly assumed payment of the note and mortgage which Herd had given to plaintiff, and afterward the plaintiff, knowing that fact, entered into a written agreement with Linder not to foreclose the mortgage before the sixth day of September, 1898, if Linder would make him certain yearly payments and would execute to him a crop mortgage on all the crops to be annually planted and raised on the land.  It does not appear that any action has yet been brought upon the said note and mortgage for eighty-two thousand five hundred dollars.  Appellant contends  that this extension cannot be taken advantage of by respondents because it was not made directly with Herd, the maker of the note and mortgage; but Linder was not a mere stranger to the principal obligation; by becoming the grantee of the mortgaged premises and assuming the mortgage indebtedness he became a principal and controlling party to the obligation upon which the respondents had become sureties.  He became the principal debtor, and Herd, the grantor, the surety. (*Tulare Co. Bank v. Madden,* 109 Cal. 312; 3 Pomeroy's Equity Jurisprudence, 2d ed., 1845.)  And as to the plaintiff, Herd, and Linder: "The doctrines concerning suretyship must control the dealings between these three parties." (Pomeroy's Equity Jurisprudence, *supra.*)

Appellant contends that as respondents aver in their answer that the extension was made without their consent, and, as there was no evidence introduced touching their consent, therefore they cannot take advantage of the extension because the burden was on them to show that it was made without their consent. Appellant contends that every "necessary" averment in the pleadings must be proven.  This is not universally true, because there are some necessary formal averments which need not be proven; but the averment in the answer that the extension was made without respondent's consent was an entirely unnecessary averment.  When a surety has shown that the contract as to which he became surety has been changed, he has then shown that there has been an attempt to make him liable on a new and different contract; and the burden is then upon the other party to show that the surety has consented to the new contract.  This principle is aptly stated in *Stowell v. Goodenow,* 31 Me. 540.  In

that case the jury was instructed: "That if the defendant [the surety] had proved that the plaintiff [the creditor] had made such an agreement to wait further time for a good consideration with Goodenow [the debtor], then the burden of proof was on the plaintiff to show that the surety had knowledge of or consented to such agreement; and, if he failed to do so, the surety would be discharged"; and the appellate court held that the instruction was correct. The court said: "The wrong and injury to the surety consists in the change of the contract and of the relations between the creditor and the principal debtor. It is this which discharges the surety. And, when proof of it has been made, the creditor can be relieved from the effect of it upon his rights only by showing that the surety has assented or waived all objection to it. . . . . The proof should come from the party who would be relieved from the consequences of his own wrongful acts." (See, also, *Miller v. Stewart*, 9 Wheat. 701; *Calvo v. Davies*, 73 N. Y. 211; 29 Am. Rep. 130; *Riggins v. Brown*, 12 Ga. 276; *Taylor v. Johnson*, 17 Ga. 521; *Edwards v. Coleman*, 6 T. B. Mon. 567; Baylies on Surety and Guaranty, 290; *Gross v. Parrott*, 16 Cal. 143.) Section 2819 of the Civil Code does not state a rule of evidence.

The finding of the court that the respondents signed the note sued on as sureties "for the payment during the said term of five years of the interest on said note of eighty-two thousand five hundred dollars," if construed as meaning that they were sureties for the interest only, and not for the principal, is inconsistent with the averment in the answer that the note sued on was intended to be a security for the interest and principal of the note of eighty-two thousand five hundred dollars; but that finding, and the other finding that said interest had been fully paid, are immaterial, and in no way affect the correctness of the judgment.

To what extent the respondents were injured by the extension is not a legitimate subject of inquiry in this action. (*Driscoll v. Winters*, 122 Cal. 65.)

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.