(February 18, 1901.)

## MAYDOLE v. PETERSON.

[63 Pac. 1048.]

PROMISSORY NOTE—CONSIDERATION—EVIDENCE—ESCROW.—Where promissory note is executed and delivered, and suit instituted in name of original payee, and defendant, in his answer, pleads want of consideration, alleging that deed to property had been placed in escrow by payee to be delivered to the maker of the note on its payment, and also alleging that the payee had withdrawn said deed from escrow before commencing his suit, he should be permitted to prove such facts.

EFFECT OF EXTENSION OF TIME TO PRINCIPAL WITHOUT KNOWLEDGE OR CONSENT OF SURETY.—Where a note is signed as surety only, and suit is instituted by the payee of the note, and the surety in his answer sets up want of consideration and an extension of time to the principal to pay for a valuable consideration without his knowledge or consent, and the payee agreed to release such defendant from all liability, he should be permitted to prove such defense.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Redwine & Boyd, for Appellants.

It is an elementary principal of law that want of, or failure of, consideration may be shown. (Norton on Bills and Notes, 261, 262; *Howard v. Stratton*, 64 Cal. 487, 2 Pac. 263; *Treadwell v. Himmelmann*, 50 Cal. 9; *Hale v. Aldaffer*, 5 Kan. App. 40, 47 Pac. 320, 52 Pac. 194; *Russ Lumber etc. Co. v. Muscupiabe Land etc. Co.*, 120 Cal. 521, 65 Am. St. Rep. 187, 52 Pac. 995, and cases cited; Greenleaf on Evidence, 14th ed., sec. 284; Underhill on Evidence, sec. 208.) In showing that there was no consideration for the execution of the note by Yearian as surety, the court erred in refusing the evidence therein to prove that he signed the note long after same was signed by the principal, Peterson. If the defendant Yearian signed the note as surety after same was executed by Peterson, as principal, there must be some other consideration than that to Peterson. (*Leverone v. Hildreth* (Cal.), 2 Pac. 42; *First Nat. Bank of Arlington v. Cecil*, 23 Or. 5, 31 Pac. 61, 32 Pac. 393.) The court erred in refusing to permit defendant Yearian to show that he signed the note as surety merely, and that an extension was granted the principal without his consent. (See answer of Yearian, Sr., folios 20 and 21.) It is well settled that this was a good defense. (*Smith v. Freyler*, 4 Mont. 489, 1 Pac. 214, 47 Am. Rep. 358; *Irvine v. Adams*, 48 Wis. 468, 33 Am. Rep. 817, 4 N. W. 573; *Warburton v. Ralph*, 9 Wash. 537, 38 Pac. 143; *Binnian v. Jennings*, 4 Wash. 677, 45 Pac. 302; *Gillett v. Taylor*, 14 Utah, 190, 60 Am. St. Rep. 890; 46 Pac. 1099; *Price v. Dime Savings Bank*, 124 Ill. 317, 7 Am. St. Rep. 367, 15 N. E. 754; *Benson v. Phipps*, 87 Tex. 578, 47 Am. St. Rep. 128, 29 S. W. 1061; *Drescher v. Fulham*, 11 Colo. App. 62, 52 Pac. 685; *Tuohy v. Woods*, 122 Cal. 665, 55 Pac. 683.) Parol testimony may be introduced to show that one signed as a surety. (*Smith v. Freyler*, 4 Mont. 489, 47 Am. Rep. 358; 1 Pac. 214; *Irvine v. Adams*, 48 Wis. 468, 33 Am. Rep. 817, 4 N. W. 573; *Wallace v. Richards*, 16 Utah, 52, 50 Pac. 804; *Gillett v. Taylor*, 14 Utah, 190, 60 Am. St. Rep. 890; 46 Pac. 1099; *Kelly v. Gillespie*, 12 Iowa, 55, 79 Am.

Dec. 516; *Capital Sav. Bank v. Reel,* 62 Cal. 419; *Lewis v. Long,* 102 N. C. 206, 11 Am. St. Rep. 725, 9 S. E. 637; Jones on Evidence, sec. 507; *First Nat. Bank of Lewiston v. Williams,* 2 Idaho, 670, 23 Pac. 552; *Mulkey v. Long,* 5 Idaho, 213, 47 Pac. 949.) The surety can certainly make an agreement to release himself from responsibility. (*Gilstrap v. Smith,* 101 Ga. 120, 65 Am. St. Rep. 290, 28 S. E. 608; *Gilbert v. State Ins. Co.,* 3 Kan. App. 1, 44 Pac. 442; Am. & Eng. Ency. of Law, 1st ed., 806, 807, and notes.)

W. T. Reeves, for Respondent.

Where the conveyance is and was prevented by the act of the defendants, they cannot be heard to complain because the property has not been conveyed to them. (*Smith v. Roe,* 7 Colo. 95, 1 Pac. 909; *Peasley v. Hart,* 65 Cal. 522, 4 Pac. 537.) In all contracts where an option is allowed in the sale of property, as is claimed in this case, the courts all hold that the option is with the vendor, who may either declare the contract at an end or can elect to enforce the contract. (*Smith v. Mohn,* 87 Cal. 489, 25 Pac. 696; *Wilcoxson v. Stitt,* 65 Cal. 596, 52 Am. Rep. 310, 4 Pac. 629.) If it is a fact that Yearian signed the note as surety, it was and is sufficient to bind him, if there was consideration to Peterson sufficient to bind him as principal. (24 Am. & Eng. Ency. of Law, 731, and note; *First Nat. Bank of Arlington v. Cecil,* 23 Or. 58, 32 Pac. 393; *Leverone v. Hildreth,* 80 Cal. 139 22 Pac. 72.) We realize that there are authorities holding that the true relations, when known to the payee at the time, may be shown by parol. But we contend that the rule laid down in the following authorities declares the correct principle. They hold that both signed as joint makers, and that under no circumstances can they be permitted to contradict the contract. (*Aud v. McGruder,* 10 Cal. 283; *Kritzer v. Mills,* 9 Cal. 22; *Shrivley v. Lovejoy & Co.,* 32 Cal. 577; *Dane v. Corduan,* 24 Cal. 165, 85 Am. Dec. 53; *Dorman v. Pardeno,* 34 Cal. 280; *Harlan v. Ely,* 56 Cal. 340.) There is no offer in this record to show that respondent knew that Yearian signed the note as surety.

This knowledge on the part of the payee is material, and must be shown before either would be permitted to show that he was a surety in contradiction of the terms of the note. (*Irvine v. Adams,* 48 Wis. 468, 33 Am. Rep. 817, 4 N. W. 573; *Kelly v. Gillespie,* 12 Iowa, 55, 79 Am. Dec. 516; *Smith v. Freyler,* 4 Mont. 489, 1 Pac. 214, 47 Am. Rep. 358; *Gillett v. Taylor,* 14 Utah, 190, 60 Am. St. Rep. 890; 46 Pac. 1099; *Wallace v. Richards,* 16 Utah, 52, 50 Pac. 804.)

STOCKSLAGER, J.—The facts in this case, as disclosed by the record, are as follows: The plaintiff, Maydole, commenced his action in the district court of the fifth judicial district for Lemhi county, on a promissory note of date October 1, 1898. The complaint was filed April 26, 1900. On the 5th of May thereafter defendants filed separate demurrers. On the 15th of May said demurrers were overruled by the court then in session in said county, and on the 18th of May the defendant Yearian filed his answer. On the 19th the defendant Peterson also answered. The defendant Peterson in his answer denies that "no part of said note has been paid," and alleges that said note has been settled in full. Further alleges that said note was executed by the defendants under a mutual agreement with plaintiff that plaintiff would execute a deed conveying to defendant Peterson an undivided one-third interest in certain real estate situated in Gibbonsville, Idaho, and place same in escrow with the Gibbonsville Mercantile Company, to be delivered to defendant Peterson upon payment of the sum of $800, provided same was paid to the said Gibbonsville Mercantile Company by said Peterson on or before the first day of October, 1899, and if not so paid that said deed was to be returned to said plaintiff for cancellation, and said note was to be returned to said defendants for cancellation; that said plaintiff placed said deed in escrow as agreed, and that the defendant Peterson failed to pay said $800 to said company; that the payment of said note was optional with the defendants; that afterward, to wit, on or about the fifteenth day of February, 1900, said plaintiff took said deed from the possession of said company, and now has

same in his possession, and owns all of said property, and is in possession of the same; that this was the only consideration for the note; that defendant Peterson executed the note as principal, and defendant Yearian as surety only. Defendant Yearian, answering, denies that he executed the note on the 1st of October, 1898, but says it was executed by him on the twenty-first day of January, 1899 as surety merely, receiving no consideration whatever, which fact was well known by all the parties to this suit. The answer then sets up the escrow contract in much the same language as the answer of defendant Peterson. For a third defense this defendant alleges, on information and belief, that about the fifteenth day of February, 1900, the plaintiff and defendant Peterson entered into an agreement by the terms of which plaintiff agreed to and with said Peterson, and without the knowledge or consent of this defendant, to extend the time of payment of said note to April 1, 1900, and that defendant Peterson paid to said plaintiff a valuable consideration therefor, and that this defendant was by the terms of said agreement to be released from all obligations on said note. The record discloses the fact that on May 22d the case went to trial with a jury on the pleadings as above stated. On the same day a verdict was rendered in favor of the plaintiff, and against the defendants, for the sum of $895, and a judgment was signed by the district judge and filed by the clerk of that date. The plaintiff introduced his note in evidence, and rested his case. Whereupon the defendants moved for a nonsuit, and, before a ruling of the court was had, plaintiff's counsel asked permission to call the plaintiff as a witness in his own behalf, who testified that no part of the principal of the note had been paid, but that the interest was paid to the first day of February, 1900. No light is thrown on the transaction by the cross-examination of this witness, and plaintiff here rested his case. Defendants' counsel called defendant Peterson, who testified he was one of the defendants, and resided at Gibbonsville, and was in the mercantile business. The note was executed October 1, 1898. "Q. When did the defendant Yearian sign the

note? (To which counsel for plaintiff objected as being wholly immaterial. Objection was sustained, and ruling excepted to by defendants.) Q. When did you sign the note? (Same objection and same ruling, with exception.) Q. Explain, Mr. Peterson, what the consideration of this note was. A. I was to purchase one-third interest in butcher business at Gibbonsville at the time we executed this note. Mr. Maydole agreed." Counsel for plaintiff objected to what was agreed, but the record does not disclose a ruling by the court. Witness, continuing: "I signed the note, I believe, on the first day of October. The consideration was to be one-third interest in the butcher business; that's all. Q. Did you receive a deed for that? (Objected to as being immaterial. Objection sustained, followed by an exception.) Q. Was there another consideration for this note? (Counsel for plaintiff objected. Sustained. Exception.)" Witness, continuing, said there was an agreement afterward about the deed to the property, about February 15th. "Q. Was there an agreement made in January, 1899, in regard to that? A. I don't think there was. Yes; I believe there was an agreement made at the time Mr. Yearian signed the note. Q. Mr. Yearian signed the note in January? (Objected to. Sustained. Exception.) Q. Mr. Peterson, you may state what that agreement was in January that you went into. (Counsel for plaintiff objected, alleging as his reasons that it was foreign to the contract sued on in this case and not relevant to it. Objection sustained. Exception.) Q. was there an agreement made on or about the 21st of January, 1899, in regard to placing a deed in escrow with the Gibbonsville Mercantile Co. or other parties for the consideration of this note? (Objected to. Sustained. Exception.) Q. Was there a deed placed in escrow in January, 1899, for this property for which the note was executed? (Objected to for the reason that it occurred long after the execution of the note. Objection sustained. Exception.) Q. Was there an agreement made between you, Mr. Yearian, and Mr. Maydole as to how this note was to be paid at any time? (Objected to as being immaterial, changing and varying the terms of a written contract. Objection sustained. Exception.)" Then coun-

sel for defendants offered to prove by this witness that this note was executed without consideration and no consideration passed to either defendant from the plaintiff. Counsel for plaintiff objected to the offer. Sustained, and exception. "Q. Has this property for which this note was executed ever been transferred to you, or has Maydole ever offered to execute you a deed? (Objected to as being immaterial. Objection sustained, and exception.)" Then defendant Yearian was called as a witness for defendants, and, with the exception of telling where he resided, he was not permitted to answer any questions propounded to him by counsel for defendants, all questions being objected to by counsel for plaintiff, which was sustained by the court, and excepted to at the time by defendants. Counsel for defendants offered to prove by this witness "that the note at the time it was signed by him as surety, on the twenty-first day of January, 1899, had the following statement in writing on the envelope, and the deed in the envelope to be placed in escrow: "Gibbonsville, Jany. 21, 1899. Gibbonsville Mercantile Co. will deliver the within deed to Adolph Peterson upon the payment of eight hundred dollars ($800.00) lawful money of the United States of America. If the money is not paid by October 1, 1899, the within deed is to be given to M. H. Maydole." Counsel for plaintiff objected, alleging as his reasons that it is a matter that arose afterward, and is not signed by any one, and as being wholly immaterial. Objection sustained, and exception. Counsel for defendants further proposed to show by this witness that the deed to this property for which the note was executed was placed in escrow as per agreement, and that it was afterward taken out of escrow, and has since that time been in the possession of the payee of the note (plaintiff here); that neither of the defendants have received any consideration whatever for the execution of the note; that the payee (plaintiff) is still in possession, and holds title to the property for which the deed was executed and the deed to the property at this time. Counsel for plaintiff objected for the reason it was immaterial. Objection sustained. Exception. Evidence closed. Counsel for plaintiff asked the court to instruct the jury to find for

the plaintiff amount due on the note, and seventy-five dollars attorney's fee, which was done, and verdict accordingly. We have set out all the facts, and practically all the testimony given and offered on behalf of the defendants, and rejected by the court on objections by counsel for the plaintiff.

Defendants rely upon four errors of the trial court: (1) In refusing to allow the defendant Peterson to prove a want of consideration; (2) in refusing to allow the defendant Yearian to prove want of consideration; (3) in refusing to allow Yearian to prove that he signed the note as surety, and that an extension of time had been granted the principal without his knowledge or consent; (4) in refusing the offer of defendant Yearian to prove that he signed the note as surety, and that an agreement had been made between plaintiff and defendant Peterson whereby defendant Yearian was released from all obligations under the note.

Counsel for respondent contends that the answers of the defendants are insufficient to raise the issue of a lack of consideration, and the trial court seems to have accepted this theory, as shown by his rulings on the evidence sought to be introduced by the defendants relative to this issue. We cannot agree with this contention. It occurs to us that the answer of Peterson sufficiently raises the issue to justify the court in submitting the fact to the jury for their consideration and decision. We are also of the opinion that the court should have permitted the defendant Yearian to show that he signed the note only as a surety, and that an agreement had been made between plaintiff and defendant Peterson whereby defendant Yearian was to be released from all obligations under the note. In effect, the defendants should be permitted to prove all the allegations of their answers. (See *Bank v. Cecil,* 23 Or. 58, 32 Pac. 393; *Benson v. Phipps,* 87 Tex. 578, 47 Am. St. Rep. 128, 29 S. W. 1061; *Gillett v. Taylor,* 14 Utah, 190, 60 Am. St. Rep. 890; 46 Pac. 1099; *Smith v. Freyler,* 4 Mont. 489, 47 Am. Rep. 358, 1 Pac. 214; *Tuohy v. Woods,* 122 Cal. 665, 55 Pac. 683.) For the reasons above set forth this action is reversed and the cause remanded for a new trial, with costs for appellants.

Quarles, C. J., and Sullivan, J.; concur.