[Sac. No. 789.  Department One. — May 28, 1901.]

JOHN HERD, Respondent, v. JOHN TUOHY, Appellant.

EQUITY JURISDICTION OF SUPERIOR COURT — VENUE. — Every superior court has jurisdiction over all cases in equity, under the constitution, other than real actions, which must be commenced in the county where the real estate is situated. In all other cases in equity, the provisions of the statute regarding the change of venue do not affect the jurisdiction of the court in which the suit in equity was commenced.

ID. — ACTION TO SET ASIDE DEFICIENCY JUDGMENT — FORECLOSURE IN ANOTHER COUNTY — LEVY UPON PLAINTIFF'S LAND — VENUE — WAIVER OF OBJECTION. — An action to set aside a deficiency judgment improperly rendered in another county, in a foreclosure suit upon *ex parte* application, after the right thereto had been lost by the decree, is within the equity jurisdiction of the superior court of the county in which the improper deficiency judgment was levied upon the land of the plaintiff. If such action is a real action, under section 392 of the Code of Civil Procedure, it is brought in the proper county ; and if not, the jurisdiction of the court is not affected by the right of the defendant to change the place of trial, and if he fails to demand the transfer, he waives objection to the venue.

ID. — MOTION IN FORECLOSURE SUIT — DEFECT IN COMPLAINT AIDED BY ANSWER. — The objection that the complaint did not aver that any motion was made in the foreclosure suit to set aside the deficiency judgment is not tenable, where the defect, if any, was cured by the answer, which set out the motion with the affidavits upon which it was made, and pleaded the order denying the motion as an estoppel upon the plaintiff.

ID. — RECITAL IN DECREE — SUM FOUND DUE — PERSONAL LIABILITY NOT ADJUDGED — UNAUTHORIZED DOCKET OF JUDGMENT. — The mere recital, in the decree, of the sum found due from the defendant to the plaintiff, preceding the actual judgment, which did not contain any provision for personal liability or for a deficiency judgment, cannot be regarded as an adjudication of personal liability which could authorize the clerk to docket a judgment for the deficiency.

Id. — Conveyance by Mortgagor — Assumption of Mortgaged Debt — Extension of Time to Vendee — Discharge of Mortgagor as Surety. — Where the mortgagor conveyed the mortgaged premises to a vendee, who, in writing, agreed to assume and pay the mortgage debt, the vendee thereby became the principal debtor, and the mortgagor stood to him in the relation of surety; and an extension of time thereafter given by the mortgagee to the vendee operated as a discharge of the mortgagor from personal liability; and the mortgagee had no right to a personal judgment against him upon foreclosure.

Id. — Fraudulent Procurement of Deficiency Judgment — Finding — Conflicting Evidence. — A finding that the deficiency judgment was fraudulently procured, after assurance of the mortgagee to the mortgagor that it would not be taken, cannot be disturbed, where the evidence is conflicting.

Id. — Evidence — Failure of Mortgagor to Appear — Conversation not in Presence of Mortgagee. — Evidence is admissible to explain and justify the failure of the mortgagor to appear, though the conversation which explained it was not had in the presence of the mortgagee.

Id. — Constructive Fraud — Ex parte Change of Decree of Foreclosure. — An improper amendment to the decree of foreclosure, which contained no personal judgment against the mortgagor, made *ex parte*, without the mortgagor's knowledge, so as to insert a personal judgment against him, was a constructive fraud, having all the consequences and legal effects of fraud.

Id. — Grounds of Relief against Judgment — Want of Notice. — The courts are not limited to cases of either actual or constructive fraud in granting relief against a judgment. Though a judgment will not be interfered with for mere error, yet want of notice to the defendant, and his consequent inability to be heard, may be a sufficient ground for relief in equity, even where the failure to defend is not chargeable to the plaintiff, and *a fortiori* where it is so chargeable.

Id. — Denial of Motion to Set Aside Judgment — Estoppel — Relief in Equity — Support of Finding. — The refusal of the court where the decree was rendered to set aside the deficiency judgment, cannot operate as an estoppel to preclude relief in equity against the judgment; and where there was no evidence to show that the decision of the motion involved the same questions as are involved in the action, the court was justified in finding the contrary.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion.

Davis & Allen, Kile & Plummer, and Rigby & Rigby, for Appellant.

The complaint does not show that the defendant did not have an adequate remedy at law, and shows no ground for resort to equity. (Code Civ. Proc., sec. 473; *Ketchum* v. *Crippen*, 37 Cal. 223; *Eldred* v. *White*, 102 Cal. 600; *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 128; *Moulten* v. *Knapp*, 85 Cal. 385.) One superior court has no jurisdiction to enjoin or modify the decree of another. (*Anthony* v. *Dunlap*, 8 Cal. 27; *Rickett* v. *Johnson*, 8 Cal. 34; *Gorham* v. *Toomey*, 9 Cal. 77; *Uhlfelder* v. *Levy*, 9 Cal. 608; *Crowley* v. *Davis*, 37 Cal. 268; *Flaherty* v. *Kelly*, 51 Cal. 145; *Judson* v. *Porter*, 51 Cal. 562; *Wilson* v. *Baker*, 64 Cal. 475; *Spreckels* v. *Hawaiian Com. etc. Co.*, 117 Cal. 377.) The alleged defense attempted to be set up in the complaint herein is insufficient, as the mere extension of time to the grantee of a mortgagor does not discharge the latter *in toto*, but, if at all, only as to the value of the mortgaged premises at the date of the alleged extension. (*Murray* v. *Marshall*, 94 N. Y. 611; *Spencer* v. *Spencer*, 95 N. Y. 353; *Grow* v. *Garlock*, 97 N. Y. 81; 1 Jones on Mortgages, 3d ed., sec. 742; *Keller* v. *Ashford*, 133 U. S. 610–626; *Union Mut. Life Ins. Co.* v. *Hanford*, 143 U. S. 187; *Shepherd* v. *May*, 115 U. S. 505; *Cucullu* v. *Hernandez*, 103 U. S. 105–117.) The statements of a party made without the hearing of his adversary are never competent evidence in his own behalf. (*Rogers* v. *Schulenburg*, 111 Cal. 281; *Frank* v. *Pennie*, 117 Cal. 254; Burr's Jones on Evidence, sec. 236; *Chipman* v. *Neary*, 115 Cal. 79–83; *Bornheimer* v. *Baldwin*, 42 Cal. 27–32; *Williams* v. *Casebeer*, 126 Cal. 86.) An adjudication upon the merits of a petition to vacate a judgment for fraud in its procurement is a bar to a subsequent application to vacate the judgment on the same grounds. (*Sanford* v. *Weeks*, 50 Kan. 339; *Dwight* v. *St. John*, 25 N. Y. 203; Herman on Estoppel and Res Adjudicata, sec. 472; Code Civ. Proc., sec. 1908.)

Woods & Levinsky, George F. Buck, and Dudley & Buck, for Respondent.

The complaint in equity, under the code procedure, need not show that the legal remedies were exhausted, or that the plaintiff has no adequate remedy at law. (Beach on Modern Equity Practice, sec. 101; Shipman on Equity Pleading, 211;

*Merriman* v. *Walton*, 105 Cal. 403;[1] *Thompson* v. *Laughlin*, 91 Cal. 314.) The defendant waived objection by answering to the merits. (*Thompson* v. *Laughlin*, 91 Cal. 314; *Wood* v. *Currey*, 49 Cal. 359.) A personal judgment in the decree of foreclosure is essential to sustain the docketing of a deficiency judgment. (*Scamman* v. *Bonslett*, 118 Cal. 93;[2] *Tolman* v. *Smith*, 85 Cal. 280.) The setting aside of a judgment obtained by fraud belongs to the jurisdiction of a court of equity. (*People* v. *Lafarge*, 3 Cal. 130; *Sanford* v. *Head*, 5 Cal. 297; *Kelley* v. *Kriess*, 68 Cal. 210; *Thompson* v. *Laughlin*, 91 Cal. 313; *Merriman* v. *Walter*, 105 Cal. 403.[3]) The property of plaintiff having been levied upon in the county of the venue, that court had jurisdiction to declare the deficiency judgment void, and to restrain the sale. (*Pixley* v. *Huggins*, 15 Cal. 128; *Sloss* v. *De Toro*, 77 Cal. 129.) The valid extension of time of payment to the grantee of the mortgagor, who had assumed the mortgage, discharged the mortgagor, as surety, from personal liability. (Pomeroy's Equity Jurisprudence, 2d ed., sec. 1206; Jones on Mortgages, 5th ed., sec. 742; 1 Pingree on Mortgages, sec. 1016; *Union Mut. Life Ins. Co.* v. *Hanford*, 143 U. S. 187; *Tuohy* v. *Woods*, 122 Cal. 665.) A decision made upon a summary application by motion is not a bar to the jurisdiction of equity to examine the same question. (*Simson* v. *Hart*, 14 Johns. 64; *Ashton's Appeal*, 73 Pa. St. 153; *Easton* v. *Pickersgill*, 75 N. Y. 599; *Blank* v. *Blank*, 107 N. Y. 91; *Wills* v. *Chandler*, 2 Fed. Rep. 273; *Merriman* v. *Walton*, 105 Cal. 403;[1] Freeman on Judgments, sec. 511.) There is no evidence as to the ground of the decision upon the motion, and the doctrine of *res adjudicata* cannot be applied by surmise. (*Richardson* v. *City of Eureka*, 110 Cal. 441; *In re Li Po Tai*, 108 Cal. 484.)

SMITH, C.—A judgment was recovered by the defendant herein, against the plaintiff and others, in the superior court of Tulare County, February 15, 1897, for the foreclosure of a mortgage made by the latter to the former. In the judgment as originally entered, there was no adjudication that the plaintiff was personally liable, or provision for a deficiency judgment against him; but afterwards, March 13, 1897, on an *ex parte* application of the defendant's attorneys, the judgment

---

[1] 45 Am. St. Rep. 50.          [3] 45 Am. St. Rep. 50.

[2] 62 Am. St. Rep. 226, and note.

was amended by adding thereto a paragraph adjudging the plaintiff to be personally liable on the mortgage, and that, on the commissioner's return of the sale, deficiency judgment should be docketed against him; and accordingly, such a judgment was docketed against him for the sum of $11,738.47. Of this judgment a transcript was recorded in the recorder's office of the county of San Joaquin, and under it an execution levied on lands of the plaintiff in that county. This suit was brought in the superior court of San Joaquin County for relief against the judgment as amended, and the deficiency judgment entered thereon, and resulted in a judgment for the plaintiff, adjudging, in effect, that the record of the transcript of the deficiency judgment in the recorder's office, and the lien sought to be made by said deficiency judgment on the lands of the plaintiff in the county, be canceled and extinguished; and that the defendant be perpetually enjoined from executing the judgment. The appeal is from this judgment and from an order denying a new trial. The points urged for reversal are: 1. Lack of jurisdiction in the court over the subject-matter of the action; 2. Insufficiency of the facts alleged in the complaint to constitute a cause of action; 3. Insufficiency of the evidence to support the findings, and errors of law.

1. As to the jurisdiction of the court, there can be no serious question. The superior court is vested by the constitution (art. VI, sec. 5) with jurisdiction over "all cases in equity"; and cases of this kind—that is, for relief against judgments on the ground of fraud in their procurement—constitute a familiar and well-established head of equity jurisdiction. (Freeman on Judgments, sec. 484a; Daniell's Chancery Practice, 1584, 1585. Nor—with an exception to be noted presently —is this jurisdiction vested in any particular superior court or courts. Every superior court—with the exception alluded to—has jurisdiction of all equity cases that may be brought in it. The exception referred to is that of "actions for the recovery of the possession of, quieting the title to, or for the enforcements of liens upon real estate"; which, under the provision of the constitution cited above, must be "commenced in the county in which the real estate . . . affected by such action . . . is situated." With reference to other cases, there are statutory provisions determining the proper place of trial (Code Civ. Proc., secs. 392–395); but these do not affect the jurisdiction of the court; and hence "if the county in which

the action is commenced is not the proper place for the trial thereof," the only remedy of the defendant is a demand for change of venue. (Code Civ. Proc., sec. 396.) Nor, in determining the proper place of trial of a suit of this kind, is the peculiar nature of the case at all material to the question. Such suits, like all others, are governed by the statutory provisions applying to the subject; and accordingly as they are or are not suits of the kind described in section 392 of the Code of Civil Procedure, the proper place of trial for them will be determined by the provisions of that section, or those of section 395. There is no provision or principle of the law requiring such suits to be tried by the court which rendered the judgment complained of; nor, unless the county of that court is the proper place of trial either under section 392 or 395 of the code, can a case commenced in another county come before it otherwise than at the discretion of the judge in which it is pending, exercised under section 397; nor, indeed, even were the suit brought in the court where the judgment was rendered, could a demand for its removal under section 396 be resisted, otherwise than on some of the grounds mentioned in section 397. In this case, there was no demand for change of venue; and it is therefore immaterial whether or not the suit was brought in the county proper for trial. If it is one of the kind of cases provided for in section 392,—as, under the decision in *Sloss v. De Toro*, 77 Cal. 129, it seems to be,—it was brought in the proper county. If it does not fall within that class, then the defendant was entitled to demand its transfer to the county of his residence,—if other than San Joaquin,—but, having failed to demand the transfer, has waived the objection.

2. The objection made to the complaint are: (1) That there is no allegation that the plaintiff moved in the Tulare court to set aside the judgment; (2) That the complaint does not purport to set forth all of the original decree, and *non constat* that it was not sufficient to authorize the entry of a deficiency judgment; and (3) That the facts alleged would not have constituted a defense to the action for foreclosure.

With reference to the first objection, it is true that the allegation referred to is lacking in the complaint, and that there is no excuse alleged for failing to move in the Tulare court. But, without holding that the allegation was necessary, it is sufficient to say the defect, if any, was cured by the answer, which sets out the motion, with the affidavits on which it was made,

and the order of the court denying the same, and pleads the last as an estoppel. It is an ancient rule of the law, that "a defect in pleading is *aided*," if "expressly or impliedly supplied" by the pleading of the other party. (1 Chitty on Pleading, 703; Bliss on Code Pleading, sec. 437, and cases cited; *Daggett* v. *Gray*, 110 Cal. 169.)

As to the second point, the complaint purports to set out the whole judgment, but in fact, as appears from the findings, does not do so. But the omitted portions contain no provision for a deficiency judgment; nor is there any adjudication that the plaintiff (then defendant) was personally liable, unless, as claimed by the appellant, the following recital may be so construed, viz.: "That the interest on said note to November 30, 1895, has been paid; that no other . . . part of said note, principal or interest, has been paid, and there is now due and owing to the plaintiff from the defendants John Herd, Jr., and R. Linder on said note the sum of $91,101.85, etc., and that the said defendants John Herd, Jr., and R. Linder are personally liable . . . for said sums so found due from them to plaintiff as aforesaid." But this is merely the recital of a fact preceding the actual judgment, and cannot be regarded as an adjudication of personal liability; which alone could authorize the clerk to docket a judgment for deficiency. (Code Civ. Proc., sec. 726; *Scamman* v. *Bonslett*, 118 Cal. 98; *Sichler* v. *Look*, 93 Cal. 610; *Leviston* v. *Swan*, 33 Cal. 483, 484.) But, in fact, so far as the sufficiency of the complaint is concerned, it is immaterial whether the original judgment was or was not sufficient to authorize a deficiency judgment; for if it was, it would be open to the same objection as the amended judgment. The complaint is therefore equally good on either hypothesis.

With regard to the third ground, the facts, in brief, are, that Herd had conveyed the mortgaged premises to Linder, who, in writing, assumed and agreed to pay the amount due on the mortgage; and that Tuohy afterwards, knowing the fact, by written agreement with Linder, extended the time of payment. The facts are more fully stated in the decision in *Tuohy* v. *Woods*, 122 Cal. 667, which refers to the same transaction. On these facts, there can, we think, be no doubt of the sufficiency of the defense. "Linder was not a mere stranger to the principal obligation; by becoming the grantee of the mortgaged premises, and assuming the mortgage indebtedness, he became a principal and controlling party to the obligation. . . . He

became the principal debtor, and Herd, the grantor, the surety. (*Tulare Co. Bank* v. *Madden*, 109 Cal. 312; 3 Pomeroy's Equity Jurisprudence, 2d ed. (1845), sec. 1206.) And as to the plaintiff, Herd, and Linder, 'the doctrines concerning suretyship must control the dealings between the parties.' (3 Pomeroy's Equity Jurisprudence, 2d ed., sec. 1206.)" (*Tuohy* v. *Woods*, 122 Cal. 667. See also Jones on Mortgages, sec. 742; 1 Pingree on Mortgages, sec. 1016; *Union Mut. Life Ins. Co.* v. *Hanford*, 143 U. S. 187.) It follows—assuming the facts to be as stated—that the plaintiff was discharged from personal liability.

3. The objections that remain to be considered are: (1) That the evidence was insufficient to justify the finding of the court as to the assurances of Tuohy to Herd that a deficiency judgment would not be taken, etc., and, in connection with this, alleged error in allowing the witness Woods to testify as to a conversation on the subject between him and Herd, in the absence of Tuohy; and (2) The claim of appellants that the order of the judge of the Tulare superior court in denying the motion of the plaintiff (then defendant) to set aside the default and judgments operated as a bar by way of estoppel to this suit.

With regard to the first point, we think the case must be regarded as falling under the rule that where the evidence is conflicting the findings will not be disturbed. Nor do we think there was any error in the admission of the testimony of Woods. It was admissible in order to explain and justify the failure of Herd to appear. But, were it otherwise, we are of the opinion that the findings as to the alleged conduct of Tuohy, and its influence on Herd, are not necessary to sustain the judgment. It is found (and no objection is made to the findings) that the amendment to the judgment was made on an *ex parte* application of the attorneys of the (then) plaintiff, and without the knowledge of Herd. This, if not fraud, was one of those cases that, in the words of a leading authority, "ought to be treated as fraud" (2 Daniell's Chancery Practice 1584),—that is, it is a constructive or quasi fraud, having all the actual consequences and all the legal effects of fraud. Nor are courts, in granting relief against a judgment, confined to cases of fraud, actual or constructive. (Black on Judgments, secs. 380 et seq.) A judgment will never be interfered with for mere error of the court; but want of notice to the defendant, and his consequent inability to be heard against the ruling, may be a sufficient ground for equity to interpose, even

where "his failure to defend is not chargeable to the plaintiff"; and *a fortiori* where it is so chargeable. (Freeman on Judgments, sec. 495.) Here, if the original record disclosed *prima facie* error, so as to allow of amendment, which is doubtful (Black on Judgments, sec. 156), yet there was in fact no error to be amended; for the judgment was rendered as agreed, and presumably with intention to observe the good faith required of the plaintiff. Hence there should have been notice to the defendant, who could then have defeated the amendment. (*Scamman* v. *Bonslett*, 118 Cal. 97 et seq.[1])

As to the estoppel claimed, we know of no principle that would give to an order of this kind effect as a technical estoppel. Section 1908 of the Code of Civil Procedure—cited by appellant's counsel—refers only to judgments and final orders of a similar nature,—such as decrees in probate proceedings, etc. Orders of other kinds are governed by the provisions of section 1909 of the Code of Civil Procedure. (1 Freeman on Judgments, secs. 325 et seq.) Nor is there any principle on which an order of this kind, made on affidavits, and largely addressed to the discretion of the court, could be held to preclude a court of equity from granting relief. (Freeman on Judgments, sec. 511.) Nor does it appear here that the decision of the motion involved the same questions as are involved in this action; and the court was therefore justified in finding the contrary. Probably the decision of the motion was based on the fact that the judgments in the case necessarily followed the default; for, otherwise, the court would not have felt authorized to make the amendment, which could be justified only on the hypothesis that there was error apparent on the face of the original judgment. We may infer, therefore, that the motion was denied because not made within six months of entry of default, or, at least, we cannot, in opposition to the finding of the court, infer the contrary.

The judgment and order appealed from should, we think, be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

_____

[1] 62 Am. St. Rep. 226, and note.