[L. A. No. 6083. Department One.—September 22, 1920.]

## CATHERINE BRAUN, Respondent, v. THOMAS CREW et al., Appellants.

[1] MORTGAGE—ASSUMPTION OF PAYMENT—RELATIONSHIP OF PARTIES —PRINCIPAL AND SURETY.—Where a purchaser from a mortgagor assumes the payment of the mortgage debt, the relation of principal and surety at once arises between the mortgagor and the purchaser, the purchaser being the principal and the mortgagor the surety, and any contract or arrangement between the purchaser and mortgagee which has the effect of materially altering the terms of the obligation to pay the mortgage debt, operates to release the surety, unless he consents thereto.

[2] ID.—NONASSUMPTION OF PAYMENT—ABSENCE OF RELATIONSHIP.— Where a vendee of a mortgagor does not assume payment of the mortgage debt, the vendee is not personally liable therefor, and consequently no relation of principal and surety can arise between them with regard to the personal liability.

[3] ID.—PRIMARY LIABILITY FOR DEBT—LIABILITY OF MORTGAGOR.—If a vendee of a mortgagor takes subject to the mortgage the land thereupon becomes, so far as the mortgagor is concerned, and as between him, the creditor, and the vendee, primarily liable for the payment of the debt, which debt cannot be collected except by foreclosure of the mortgage, and the mortgagor adjudged liable only for such balance as may remain unpaid after the money realized upon the sale has been applied upon the debt and costs.

[4] ID.—RELATIONSHIP BETWEEN LAND AND MORTGAGOR — PRINCIPAL AND SURETY.—When a conveyance is made of mortgaged property and the vendee does not assume payment of the mortgage debt the relation of principal and surety springs up between the land and the mortgagor, he being the surety and the land being the principal debtor, and he becomes at once entitled to all the protection which the law gives to sureties.

[5] ID.—EXTENSION OF TIME OF PAYMENT — AGREEMENT BETWEEN MORTGAGEE AND VENDEE—EXONERATION OF MORTGAGOR.—Where a conveyance is made of mortgaged property and the vendee does not assume payment of the mortgage debt, an agreement between the mortgagee and the vendee extending the time of payment of the debt without the consent of the mortgagor constitutes a material alteration of the original obligation, and the mortgagor is exonerated from further liability.

[6] PRINCIPAL AND SURETY—EXTENSION OF TIME WITHOUT CONSENT OF SURETY—EXTENT OF INJURY IMMATERIAL.—Where there is an extension of time by the creditor to the principal, without the consent of the surety, the latter is released by the mere fact that his contract is materially altered without his consent, and the question of the extent of the injury which the surety sustains therefrom cannot be inquired into.

[7] MORTGAGE—RELEASE OF MORTGAGOR — CONVEYANCE TO VENDEE — COVENANT AGAINST ENCUMBRANCES—IMMATERIAL PROVISION.—The release of a mortgagor by an agreement made between the mortgagee and the vendee extending the time of payment without the mortgagor's consent is not affected by the fact that the conveyance to the vendee did not contain any covenant against encumbrances.

[8] ID.—EXTENSION OF TIME OF PAYMENT—NEW CONSIDERATION.—An agreement extending the time of payment of a matured mortgage debt is not valid unless founded upon some new and valuable consideration, and payment of a part of the debt is not a sufficient consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. M. Bennett for Appellants.

G. A. Gibbs for Respondent.

SHAW, J.—The defendants, Thomas Crew and Penninnah Crew, his wife, appeal from the judgment.

The complaint states a cause of action to foreclose a mortgage executed by the two appellants to the plaintiff. The court gave judgment foreclosing the mortgage and providing for a deficiency judgment against the two appellants in case the foreclosure sale did not satisfy the debt. The appellants do not complain of the portion of the judgment foreclosing the mortgage. Their objection is to the provision for the deficiency judgment against them, their claim being that they have been released from personal liability on the debt by an extension of time made by the plaintiff to a subsequent holder of the land under the appellants, after said purchase and without the consent of the appellants.

The mortgage and the note which it was given to secure were executed by the appellants on September 13, 1912. The debt was due three years after date. Afterward Crew and wife sold the property to one Peters, and thereafter by subsequent transfers Clyde E. Cate became the owner thereof and while he was such owner, on October 20, 1915, at his request and without the knowledge or consent of the appellants, the plaintiff, by a written agreement with Cate, extended the time of payment of the mortgage debt for the term of two years from that date. These facts appear from the findings. The appeal is on the judgment-roll alone. The value of the land was not put in issue and does not appear from the findings or elsewhere in the record. It is not alleged or found that the purchaser of the land from the mortgagor, or any subsequent purchaser thereof, assumed or agreed to pay the mortgage debt, or that the same constituted a part of the consideration of either of the respective transfers. Neither does it appear that the conveyance made by Crew and wife to Peters contained any covenant that the land was free from encumbrance, or that Peters, or any subsequent purchaser, took subject to the mortgage, by the contract of transfer. The mortgage, however, was duly re-

corded and therefore their interest in the land was necessarily subject to such mortgage.

[1] Where the purchaser from the mortgagor assumes the payment of the mortgage debt both are personally liable therefor. It is settled by many decisions in this state that in such a case the relation of principal and surety at once arises between the mortgagor and the purchaser, the purchaser being the principal and the mortgagor the surety, and that any contract or arrangement between the purchaser and the mortgagee which has the effect of materially altering the terms of the obligation to pay the mortgage debt, operates to release the surety, unless he consents thereto. (*Woodward* v. *Brown,* 119 Cal. 292, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Herd* v. *Tuohy,* 133 Cal. 61, [65 Pac. 139]; *Tuohy* v. *Woods,* 122 Cal. 667, [55 Pac. 683]; *Tulare Co. Bank* v. *Madden,* 109 Cal. 314, [41 Pac. 1092]; *Williams* v. *Naftzger,* 103 Cal. 438, [37 Pac. 411].)

The case is precisely the same as any other contract to pay money executed by two persons, where one is surety for the other and the creditor is aware of that relation.

[2] Where the vendee of the mortgagor does not assume payment of the mortgage debt, the vendee is not personally liable therefor and, consequently, no relation of principal and surety can arise between the two, with regard to the personal liability. [3] If such vendee takes subject to the mortgage the land thereupon becomes, so far as the mortgagor is concerned, and as between him, the creditor, and the vendee, primarily liable for the payment of the debt. Under the code (Code Civ. Proc., sec. 726), his debt cannot be collected by action, except by foreclosing the mortgage, and he can be adjudged liable only for such balance as may remain unpaid after the money realized upon the foreclosure sale has been applied upon the debt and costs. (*Brown* v. *Willis,* 67 Cal. 235, [7 Pac. 682]; *Biddel* v. *Brizzolara,* 64 Cal. 362, [30 Pac. 609].) [4] When such conveyance is made, the relation of principal and surety springs up between the land and the mortgagor, he being the surety and the land the principal debtor. (*Bridge* v. *Connecticut etc. Ins. Co.,* 167 Cal. 782, [141 Pac. 375]; *Crisman* v. *Lanterman,* 149 Cal. 651, [117 Am. St. Rep. 167, 87 Pac. 89]; *Murray* v. *Marshall,* 94 N. Y. 616.) He becomes at once entitled to all the protection which the law gives to sureties. "A surety can-

not be held beyond the express terms of his contract."
(Civ. Code, sec. 2836.) "A surety is exonerated—1. In
like manner with a guarantor." (Civ. Code, sec. 2840.)
"A guarantor is exonerated, except so far as he may be
indemnified by the principal, if by any act of the creditor,
without the consent of the guarantor, the original obligation
of the principal is altered in any respect, or the remedies
or rights of the creditor against the principal, in respect
thereto, in any way impaired or suspended." (Civ. Code,
sec. 2819.)

[5] In the light of these rules, treating the land as the
principal debtor, it will be readily seen that by the agree-
ment of the creditor mortgagee with the then owner of the
land, extending the time of payment of the then matured
mortgage debt for the term of two years, to which the mort-
gagor did not consent, the original obligation of the prin-
cipal, in such a case the land, is materially altered, since the
time within which it may be resorted to by foreclosure is
extended two years. The right of the mortgagee to foreclose
and his remedy to enforce payment of his debt in the only
way allowed by law, is thereby suspended for that period.
There is no escape from the conclusion that the mortgagor,
standing, as he does, in the relation of surety for the pay-
ment of the debt, is by such extension of time exonerated
from further liability therefor.

In *Murray* v. *Marshall*, 94 N. Y. 616, the court of appeals
of New York, after stating that the land became primarily
liable for the payment of the debt, and that the original
mortgagor, after his sale to a third person who did not as-
sume payment of the mortgage, "stands in the position and
has the rights of surety," went on to say that "it must be
steadily remembered that he can only be discharged so far
as he is surety; that he holds that position only up to the
value of the land; and beyond that is still principal debtor
without any remaining equities." The position of the court
was that to show his complete release by an extension of time
to the subsequent purchaser, the mortgagor must show that
the value of the land was equal to or greater than the
amount of the mortgage debt, and that if it was less, he stood
released only to the amount of its value and was personally
liable for the excess, notwithstanding the extension. The

point was not essential to the decision, for it proceeds to demonstrate that the findings showed that the value of the land equaled the debt, and that the release was complete. The reasoning above given seems to lose sight of the main principle on which the release of the surety is grounded, which is that the surety is entitled to stand on the strict letter of the contract upon which he is liable and that any change therein made without his consent, by which the contract is altered so as to impair or suspend the right of the creditor to proceed to enforce payment, fully releases the surety. This principle obtains, we believe, in New York as fully as elsewhere. The New York court was at liberty to ingraft this qualification upon the law of principal and surety, for it was not bound by statute. But in this state, as we have shown, the code fixes the law and it does not contain any such qualification. We are therefore bound by it and the decision of the New York court on that point is not authority here. [6] The rule in this state is that where there is an extension of time by the creditor to the principal, without the consent of the surety, the question of the extent of the injury which the surety sustains therefrom cannot be inquired into. The creditor cannot show, for example, that the principal debtor, was then wholly or partially insolvent, and so remained. The surety is released by the mere fact that his contract is materially altered without his consent. (*Driscoll* v. *Winters*, 122 Cal. 66, [54 Pac. 387]; *Tuohy* v. *Woods*, 122 Cal. 667, [55 Pac. 683]; 1 Brandt on Suretyship, secs. 376, 416, 483.) We are therefore of the opinion that the failure of the defendant to allege and prove the value of the land, in addition to the extension without his consent, does not impair his defense.

[7] Neither is it material that it was not shown that the conveyance by Crew to Peters did not contain any covenant against encumbrances. The creditor, by his extension of time to the purchaser, suspended his own power to enforce his remedy against the land, and this, under section 2819, operated to release the mortgagor, regardless of such covenant. While there is no direct finding that Peters and the other purchasers took subject to the mortgage, we think the fact sufficiently appears by implication from the other facts contained in the record.

[8] It is proper to say, in view of a possible new trial below, that the agreement extending the time, was not valid unless it was founded upon some new and valuable consideration. The fact that it was a written agreement "is presumptive evidence of a consideration." (Civ. Code, sec. 1614.) But it is not conclusive. The contrary may be shown by other evidence. The debt was then due and the payment of a part thereof would not be a sufficient consideration for such extension.

The judgment is reversed.

Olney, J., and Lawlor, J., concurred.