[Civ. No. 11862.   First Dist., Div. Two.   Dec. 18, 1941.]

LOUIS J. ANTONSEN, Respondent, v. PACIFIC CON-
TAINER COMPANY (a Corporation) et al., Appel-
lants.

Rudolph J. Scholz and Fredrik S. Waiss for Appellants.

Herman Weinberger for Respondent.

SPENCE, J.—This is an appeal by defendants from a judgment in favor of plaintiff in an action brought to set aside two judgments entered in a prior action.

Plaintiff had previously made a motion in the prior action to set aside said judgments which motion was denied. The order denying said motion was affirmed on appeal. (*Antonsen* v. *San Francisco Container Co.*, 20 Cal. App. (2d) 214 [66 Pac. (2d) 716].) ■ The present action was commenced upon the theory that plaintiff was entitled under the facts pleaded to have said judgments set aside in an independent action in equity. The issues presented in this action were different from those presented on the motion in said prior action and the decision on the motion in said prior action did not preclude the granting of equitable relief in the present case. (*Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317]; *Estudillo* v. *Security Loan & Trust Co.*, 149 Cal. 556 [87 Pac. 19]; *Herd* v. *Tuohy*, 133 Cal. 55 [65 Pac. 139]; 15 Cal. Jur. 27).

On this appeal, defendants contend that the complaint did not state a cause of action; that the evidence was insufficient to warrant the granting of any relief to plaintiff; and that plaintiffs alleged cause of action was barred. The consideration of these contentions requires a statement of facts in addition to the statement contained in the opinion on the appeal in the prior action. (*Antonsen* v. *San Francisco Container Co., supra.*)

In 1931, plaintiff, a resident of the State of Washington, gave to one Seely, a resident of the State of California, a power of attorney which followed generally the wording of the ordinary general power of attorney but was qualified by the words '' . . . for the purpose of realizing on the undersigned's interests, without subjecting him to liability.'' The parties discuss the question of whether the power thus granted

was sufficient to authorize the bringing of the action hereinafter referred to but, under the views hereinafter expressed, this question becomes immaterial

Without the knowledge of plaintiff and without any direction or authorization from plaintiff, except as might be found in said power of attorney, Seely employed William F. Herron, an attorney, and commenced the above mentioned action entitled "*Antonsen* v. *San Francisco Container Co. et al.*" in March, 1931, in the superior court in San Francisco. Plaintiff did not learn that any action had been filed until 1936, being approximately five years after the filing of said action.

On April 1, 1931, said William F. Herron was suspended for one year from the practice of the law in California. Five days thereafter defendants served their answers and cross-complaints upon said William F. Herron. It does not appear that Herron notified anyone at any time of the purported service of said pleadings. On August 24, 1931, other counsel were substituted by Seely in the place of Herron. On September 30, 1931, defendants, without notice, entered plaintiff's default and obtained two judgments against plaintiff on their cross-complaints, one in favor of defendant Pacific Container Co. in the sum of $3500 and the other in favor of defendant Sommer in the sum of $1897.

Plaintiff first learned of said action and of said judgments on or about August 11, 1936, when an action was commenced against him in the State of Washington based upon said judgments. He immediately employed counsel in San Francisco and said counsel promptly filed the motion to set aside said judgments. The motion was denied on September 24, 1936, and plaintiff took the appeal to which reference has been heretofore made. The present action was commenced on November 19, 1936, during the pendency of said appeal.

All of the material facts above set forth were alleged and proved. Plaintiff also alleged and proved facts showing that he had a meritorious defense to the causes of action set forth in the cross-complaints in the prior action. Findings were made in favor of plaintiff on all of said issues. Defendants do not question the sufficiency of the allegations, evidence or findings on the "meritorious defense" issued. ■ Defendants do question, however, the sufficiency of the allega-

tions, evidence and findings on the other issues to support the judgment setting aside the judgments in the prior action. It is apparently the contention of defendants that there was no allegation, evidence or findings to the effect that defendants had knowledge that Herron had been suspended from the practice of the law at the time that they served their answers and cross-complaints upon Herron and that there was therefore no actual fraud on their part in proceeding to act upon such service and to have the defaults and judgments entered against plaintiff on said cross-complaints.

The weakness in this contention rests in the assumption that plaintiff was required to plead and prove actual fraud on the part of defendants in order to be entitled to the relief granted. It seems clear that equity will grant relief upon appropriate circumstances upon the ground of constructive as well as actual fraud (*Herd* v. *Tuohy,* 133 Cal. 55, 62 [65 Pac. 139] ; 15 Cal. Jur. 11, sec. 121), and also upon the ground of mistake (*Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317] ; *Sullivan* v. *Lumsden,* 118 Cal. 664 [50 Pac. 777] ; 15 Cal. Jur. 23, sec. 126) provided always that such fraud or mistake constitutes what has been termed extrinsic rather than intrinsic fraud or mistake. It appears unnecessary to discuss the distinction between extrinsic fraud or mistake and intrinsic fraud or mistake. (See *Flood* v. *Templeton,* 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579] ; *Pico* v. *Cohn,* 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336] ; *United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 93] ; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317] ; *Sullivan* v. *Lumsden,* 118 Cal. 664 [50 Pac. 777] ; 15 Cal. Jur. 14, sec. 123 ; 15 Cal. Jur. 24, sec. 126 ; 23 Cal. Law Rev. 79 ; 9 Cal. Law Rev. 156 and cases cited) for it appears to be conceded that if the facts alleged and proved were sufficient to constitute fraud or mistake such fraud or mistake was extrinsic rather than intrinsic.

While it seems entirely clear that there was no actual fraud on the part of defendants' counsel, we are of the opinion that plaintiff was entitled to the relief granted. In the prior action counsel for defendants and the trial court proceeded upon the assumption that there had been a valid service of the cross-complaints whereas in truth and in fact there had been no valid service thereof. When Herron was

suspended from the practice of the law, his authority to act as an attorney ceased and he was no longer authorized to represent plaintiff in the prior action. (See Code of Civil Procedure, section 286.) Neither plaintiff nor Seely had any actual knowledge of the service or filing of the cross-complaints and plaintiff may not be charged with knowledge thereof as a matter of law. There was therefore no negligence on the part of plaintiff in failing to answer said cross-complaints. By the acts of defendants in causing said defaults to be entered and in seeking default judgments based upon the invalid service of the cross-complaints and by the act of the court in causing said default judgments to be entered, plaintiff was deprived, through no fault of his own, from appearing and presenting his defense to the alleged causes of action set forth in said cross-complaints. Under these circumstances, it would be a travesty on justice to permit said judgments to stand and the action of the trial court in setting aside said judgments may be justified either upon the ground of constructive fraud or upon the ground of mistake under the authorities above cited.

Under the views which we have expressed, it becomes clear that there is no merit in the claim that plaintiffs' cause of action was barred by the statute of limitations or by laches. When a cause of action is based upon fraud or mistake, the cause of action is "not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (Code of Civil Procedure, section 338, subd. 4.) The evidence showed and the trial court found that plaintiff did not discover the facts until on or about August 11, 1936.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.