## MORLEY v. DICKINSON et al.

Plaintiff was surety on a contract for the payment of money, upon which judgment was obtained against all the parties, and execution was subsequently issued and levied upon property of the principal sufficient to satisfy the same. After the levy, the Sheriff, under the directions of the plaintiff in execution, took the principal's note for the amount of the judgment, and released the levy. Subsequently, a second execution was issued upon the judgment, and an attempt made to levy it on the property of plaintiff; *Held*, That the release of the levy of the first execution, and the taking of the principal's note, discharged the surety.

The contract, until rescinded by the return of the note, was sufficient to postpone any right to enforce the execution, although the note may have been given in fraud.

APPEAL from the Thirteenth District, County of Stanislaus.

The facts are stated in the opinion of the Court.

*L. Quint & Jas. W. Coffroth* for Appellants.

I. The plaintiffs had the right, any time within five years, to issue execution upon the judgment, provided it was unsatisfied.    See Practice Act, 209.

The execution, with the return of the Sheriff, (which is made a part of the complaint) did not operate as a satisfaction.    The return, after reciting a levy upon certain personal property, reads as follows :    " I return this execution, satisfied *by two notes* of hand—one for $91.72-100, the other for $650—making in all $741.72-100 ; and the above property is released."

II. The Sheriff had not the power to discharge the execution even by returning it satisfied, unless he proceed and execute it in due course of law.

The taking of a negotiable promissory note, receipting as payment, and returning the execution satisfied, would not operate as a discharge of the execution, (much less of the judgment) even though the defendant afterwards pay such note to third parties, to whom it has been transferred.    Bank of Orange Co. *v.* Wakeman, 1 Cowen's R. 46.

*E. F. Hunter* for Respondent.

1st. The levy of the execution on sufficient personal property of one of the judgment debtors, was a satisfaction of the judgment.    The authorities are clear on this point.    *Vide* Hoyt *v.* Hudson, 12 Johns. 207 ; Ladd *v.* Blant, 4 Mass. 403 ; 1 Salk. 322 ; *Ex parte* Lawrence, 4 Cowen, 417 ; Ontario Bank *v.* Hallett, 8 Cowen, 194.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

Plaintiff filed this bill in equity, alleging that he was surety on a contract for other parties, and judgment was recovered against all the makers thereof, himself included ; that execution issued on this judgment, and was levied on sufficient personal property of one of the principals ; that the Sheriff released the property on the giving by the principal of his promissory note ; the Sheriff returned the execution satisfied—stating these facts ; and further, that defendants—plaintiffs

Morley *v.* Dickinson.

in the execution—have sued out another execution, and are proceeding to levy it on the property of plaintiff here; that the promissory note for all except the costs due on the execution was received by the plaintiffs in execution, who participated in and assented to this arrangement.

It seems that the note so received by the plaintiffs was sued on by them, and a recovery defeated.

These facts, with some others not material, are found by the Court. The case was tried by the Judge, and a decree of perpetual injunction rendered. We think the decree right. The creditor having secured his debt by a levy on the property of the principal debtor, could not discharge the levy to the injury of the surety. Any extension for a definite period by the creditor to the principal, without the assent of the surety, if the contract be on good consideration, discharges the surety. So any discharge of securities of the principal in the hands, or within the power of the creditor, operates a like discharge of the liability of the surety. This has been held in many cases, and is a well settled principle of law. Parsons on Cont. 510, 514, and cases in note W to P, 511.

In this case, the money might have been made by the plaintiffs in execution, had they not voluntarily released the property subject to the process. Whether the note was given in fraud or not, the contract, until rescinded by the return of the note, was effectual to postpone any right to enforce the execution; but no such rescission seems to have been made.

Although some minor errors may have intervened, yet as this is an equity case, and the facts above stated are not affected by the alleged errors, we think there is no sufficient reason shown for disturbing the decree. It is affirmed.