Gross *v.* Parrott.

## GROSS *v.* PARROTT.

16 143
,122 668

16 143
139 418

FEBRUARY 26th, 1855, Page, Bacon & Co. were indebted to plaintiff, and the debt was due. That firm being then unable to pay, an agreement was made between them and plaintiff, dated on that day, by which an extension was to be given the firm of two, four, six and eight months from date—the debt to be paid in equal installments. In consideration of this extension, defendant and others signed and delivered to plaintiff, an instrument dated February 26th, 1855, guaranteeing the payment by P., B. & Co. of such indebtedness in the installments, and at the different times, in said agreement and certificate set forth, conditioned to be void when said certificates were fully paid. In fact, said agreement did not mention certificates. March 13th, 1856, P., B. & Co. issued to plaintiff certificates for his indebtedness in installments, at two, four, six and eight months from that date: *Held,* that defendant is not liable on his guaranty, which was to pay at the times mentioned in the agreement; that plaintiff, having taken certificates, dated March 13th, 1856, thereby extended the time of payment, and released defendant, who was a mere surety.

Plaintiff is not entitled to relief on the ground of mistake, which was of law, and not of fact.

APPEAL from the Twelfth District.

The case stands on demurrer to the complaint, which avers, in substance, that on the twenty-fifth day of February, 1855, the plaintiff had $4,136.10 deposited in the banking house of Page, Bacon & Co. Page, Bacon & Co., being unable to presently meet their liabilities, and desiring an extension, and in consideration of the consent of the plaintiff and the other depositors and creditors mentioned in the writing obligatory thereinafter set forth to give said extension, and for the other considerations expressed in said writing obligatory, the defendant executed and delivered to plaintiff and the other depositors and creditors, his certain writing obligatory, a copy of which is there given, in substance, as follows: It bears date twenty-sixth of February, 1855. It recites that, by a certain agreement "this day entered into" between Page, Bacon & Co., of the first part, and certain of their creditors and depositors of the other part, whose names are subscribed, the said creditors agreed with the debtor, Page, Bacon & Co., to accept in full settlement and discharge of their claims, certain certificates, whereby Page, Bacon & Co. promise to pay the said claims in installments and at the different times in the said agreement and certificates set forth; that certain parties, whose names are subscribed, are desirous of securing to the parties of the second part, the faithful performance by Page,

Bacon & Co. of the conditions incumbent upon them as set forth in said agreement. It then proceeds: "Now know all men by these presents, that we, Benjamin R. Buckelew, John Parrott (and many others) for and in consideration of one dollar, are severally and jointly held and firmly bound unto the depositors and creditors whose names are subscribed to said agreement, in the several sums set opposite our respective names, to be paid to said depositors and creditors." Then follows the *in testimonium* clause, without any condition on which the instrument was to be void. This condition is added at the bottom, and is in these words: "The said certificates being fully paid, this bond to become void, otherwise to remain in full force and virtue." The instrument is dated February 26th, 1855, and signed by the defendant and many others. The sum put opposite his name is $50,000. Then follows the agreement referred to, between Page, Bacon & Co. and their creditors, made a part of the complaint.

This instrument is signed by a large number of persons, including the plaintiff, and is as follows:

"The undersigned, depositors of the firm of Page, Bacon & Co., having confidence in their perfect ability to meet all their obligations so soon as their assets can be made available—under the firm conviction that they can safely resume business at once, if a reasonable extension is granted: Now therefore, we the undersigned, for value received, do hereby agree with said firm that we will not, by suit or otherwise, demand payment of the sums respectively due us, except in the following installments, to wit: in four equal payments of two, four, six and eight months from this date, with interest, at the rate of one per cent. per month; provided, however, that this agreement shall not be obligatory until signed by creditors representing at least $400,000 of the entire indebtedness of said firm, and until the same is accepted and ratified by the said firm.

"San Francisco, February 26th, 1855."

The complaint then avers, that on the thirteenth of March, 1855, Page, Bacon & Co. executed and delivered to the plaintiff four certificates of deposit, all dated thirteenth March, for the sum due him—one for $1,136.10, payable two months from its date; one for $1000, payable four months from date; one for $1000, payable six months from date; and one for $1000, payable eight months from date. In each of these certificates, the instrument on which this action is founded is referred to as a security.

Neall *v.* Hill.

It then avers that these certificates were accepted in full settlement and discharge of the debt of the plaintiff; that a demand was made on the drawers in April, 1859, and that the certificates remain unpaid.

The Court below sustained the demurrer, and the plaintiff not amending his complaint, final judgment was entered for defendant. Plaintiff appeals.

*James B. Townsend,* for Appellant.

*D. Lake,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The complaint in this case shows that the plaintiff has no cause of action. The undertaking of the defendant was, that Page, Bacon & Co. should pay at the particular times mentioned in the agreement signed by the creditors of that firm. The effect of the subsequent transactions between the plaintiff and Page, Bacon & Co. was to extend the time of payment, and, of course, to release the defendant, who was a mere surety. He was not a party to these transactions, and the plaintiff is not entitled to relief on the ground of inadvertence and mistake. There was no want of knowledge on his part in relation to the facts, and the mistake, if any, was simply a mistake as to the law.

Judgment affirmed.