[S. F. No. 2787. Department Two.—June 20, 1903.]

AMBROSE DANERI, Administrator, etc., Respondent, v. JOHN B. GAZZOLA et al., Appellants.

PROMISSORY NOTES—SURETIES—RELEASE—OFFER OF PAYMENT—EXTENSION OF TIME TO PRINCIPAL.—Persons who signed a joint and several promissory note, with the understanding that they were sureties for a principal signing with them, of which suretyship the payee not only had knowledge, but accepted the note with that understanding only, were sureties as against the payee, and were released from their obligation as sureties by an offer of payment made by the principal, and by a subsequent extension of time given by the payee to the principal debtor, without their consent.

ID.—DEATH OF PLAINTIFF—ABATEMENT—PARTIES—TRANSFER TO WIFE—WRONGFUL SUBSTITUTION OF ADMINISTRATOR.—Where the plaintiff in an action upon a note died pending the suit, the action did not abate by his death. But where he had, prior to his death, transferred the note to his wife, his estate has no interest in the cause of action, and his administrator was erroneously substituted as a party plaintiff.

ID.—RIGHTS OF DEFENDANTS—REAL PARTY IN INTEREST.—The defendants sued upon the note have the right to insist that the action shall be prosecuted against them by the real party in interest, where they would not be protected against the real party in interest by a judgment in favor of the party plaintiff upon the record.

APPEAL from a judgment of the Superior Court of Mariposa County and from an order denying a new trial. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

John A. Wall, and L. J. Maddux, for Appellants.

J. J. Trabucco, and Congdon & Congdon, for Respondent.

COOPER, C.—Appeal from judgment and order deny-ing defendants' motion for a new trial. It appears by the pleadings that on July 10, 1895, the defendants executed to the plaintiff's intestate, John Daneri, their joint and several promissory note for the sum of three thousand dollars, pay-able one day after date. The complaint contains the usual allegations, setting forth the note, the payments, and non-pay-ment of balance due.

The defendants Giacomo Gazzola and Giacomo Canova answered together, but in an answer separate from defendant John B. Gazzola. In their answer they alleged, in substance, that the payee in said note loaned the three thousand dollars to, and the same was wholly received by, defendant John B. Gazzola; that they signed the note merely as sureties for said John B. Gazzola; and that the payee therein accepted the said note on the understanding that these defendants were sureties and defendant John B. Gazzola the principal. That in August, 1899, after this action was commenced by John Daneri, the defendant John B. Gazzola offered to pay to him the full amount due upon the said note, and that the said John Daneri then declared that he did not need the money, and in consideration of the sum of two hundred and eighty dollars interest then paid by said John B. Gazzola to said John Daneri, and in consideration that the interest should be kept paid as it matured, the said John Daneri then agreed to dismiss the action and extend the time of payment for one year. That the said two hundred and eighty dollars was then and there paid by said John B. Gazzola, and the one year's extension of time on the principal given by said John Daneri. That the said extension of time was made without the knowledge, consent, or connivance of the de-fendants Giacomo Gazzola and Giacomo Canova. It does not appear when the summons was served, but the answers were not filed until October 15, 1900, more than one year after the alleged extension of time. The court sustained plaintiff's demurrer to this part of the said answer, upon the ground

that said part does not state facts sufficient to constitute any defense to the cause of action set forth in the complaint. Said defendants declined to amend, and the ruling of the court upon this demurrer presents the principal and most important point in the case. Of course, the facts must be conceded to be true as alleged, for the purposes of the demurrer. The agreement extending the time for one year exonerated the sureties, and the court erred in sustaining the demurrer. The allegations of the answer showed defendants to be sureties on the note. (Civ. Code, sec. 2832.) They signed it at the request, and for the benefit, of John B. Gazzola. John Daneri knew that they were sureties and accepted the note with that understanding. It is provided in the Civil Code (secs. 2839-2840) that a surety is exonerated by a performance, or an offer to perform, the principal obligation, and that he may be exonerated in like manner as a guarantor. By section 2819 of the same code it is provided that the guarantor is exonerated if the creditor, without the grantor's consent, and of his own volition, does any act by which the original obligation is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto is in any way impaired or suspended.

The surety is bound only by the terms of his contract, and if these are varied without his consent, it is no longer his contract, and he is not bound by it. The authorities are to the effect that if the time of payment is, without the consent of the surety, extended for a definite period by a binding agreement between the creditor and the principal, the surety is discharged. (Brandt on Suretyship and Guaranty, sec. 296, and cases cited.) The rule was adopted by this court in *Gross* v. *Parrott,* 16 Cal. 143, in which case it was said: "The effect of the subsequent transactions between the plaintiff and Page, Bacon & Co. was to extend the time of payment, and, of course, to release the defendant, who was a mere surety." (See, further, *Steele* v. *Boyd,* 29 Am. Dec. 219, and notes; *Bank of Albion* v. *Burns,* 46 N. Y. 171; *Huffman* v. *Hulbert,* 13 Wend. 375.) In the case at bar the agreement to extend the time was executed. And the tender or offer to pay the note by the principal released the sureties. (Civ. Code, sec. 2839; *Curiac* v. *Packard,* 29 Cal. 194; *Hays* v. *Josephi,* 26 Cal. 535; Brandt on Suretyship and Guaranty, sec. 295.)

It was said in *Curiac* v. *Packard,* 29 Cal. 194: "The full amount due for principal, interest, and costs of suit was subsequently tendered in lawful money by Abadie Brothers to the plaintiff, and he had an opportunity to receive his money from the principals in the bond. His refusal to accept it was a breach of good faith toward the sureties, and their interests were imperiled by the wrongful acts of plaintiff. . . . The contract of suretyship becomes extinct or discharged by a lawful tender made by the principal or his authorized agent to the creditor or his authorized agent."

If it be true that John B. Gazzola offered to pay John Daneri the full amount due on the note, and that said Daneri stated that he did not want the money, and declined to take it, but granted the said Gazzola an extension of one year without the consent of the sureties, they became released from the contract of suretyship. It is contended by respondent that the defendants, other than John B. Gazzola, were in fact principals, and not sureties, on the note. That would be true upon the face of the note, and in the absence of any agreement or understanding to the contrary. But in the part of the answer to which the demurrer was sustained it is not only alleged that John Daneri knew these defendants to be sureties, but that he "accepted the note on that understanding and none other." The authorities cited by respondent do not show that under such circumstances sureties would be regarded as principals. In fact, they sustain the views herein expressed. In *Harlan* v. *Ely,* 55 Cal. 342, it is said, in speaking of the payees of a joint and several note as to a maker who claimed to be a surety only: "If they had agreed to take him as surety, they could only have held him as such, although he appeared as principal upon the written instrument."

This action was originally commenced by John Daneri in his lifetime. On September 5, 1900, the present plaintiff filed an affidavit setting forth the death of John Daneri, the facts as to the pendency of the action, and asked for an order that he, as administrator, be substituted as plaintiff. The court made the order as requested, substituting the present plaintiff, and authorizing all further proceedings to be conducted in his name. Thereupon plaintiff filed a supplemental complaint, alleging the amount to be due him as administrator,

and asking for judgment against defendants for the amount due, with attorneys' fees and costs.

The defendants set up in their answer a separate defense, in which they alleged that in December, 1899, and during his lifetime, John Daneri conveyed and assigned to his wife, Angella Daneri, all his personal property, including the promissory note described in the complaint; that the promissory note is now the property of said Angella·Daneri; and hence that the plaintiff as administrator has no right to maintain the action. This defense was also contained in the answer of defendant John B. Gazzola. The court sustained plaintiff's demurrer to this portion of the answers, and the ruling was erroneous.

It is provided in section 385 of the Code of Civil Procedure that an action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action to be continued by or against his representative or successor in interest. ''In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.'' John Daneri was the original party. The wife had the right to have the action continued in the name of John Daneri after the transfer. It was so continued, and was pending at the time of the death of John Daneri. The action did not abate by his death.

But his estate had no interest in the cause of action, and the administrator had no right to be substituted. The promissory note sued upon was not assets of the estate. The result of the litigation in no way concerned the administrator.

Angella Daneri was the owner of the note and the cause of action, and it was for her to take such steps as she deemed proper to protect her interest. The section expressly authorized her to be substituted. The action was not continued in the name of the original party, nor was the real party in interest substituted. The real party in interest has the right to control the action, and to prosecute it or not, as she may see fit. Defendants have the right to insist upon the action being prosecuted against them by the real party in interest.

Angella Daneri does not appear in any way in the proceedings. A judgment in the case, in its present shape, would not be binding upon her. Defendants would not be protected by it. The above views are supported by the reasoning in *Tuffree* v. *Stearns Ranchos Co.,* 124 Cal. 306. It was there said: "Hopkins at the time of his death having no interest in the property, his executor or administrator was not a proper party to be substituted as defendant. It therefore follows that the action either should have continued in his name or his vendee should have been substituted."

It is not necessary for us to hold that the action could have been continued in the name of a dead man, as that question is not before us. It is sufficient to say that the real party in interest has not asked to have it so continued. Neither has she asked to be substituted. When she desires to proceed, it is presumed she will follow the statute.

It follows that the judgment and order must be reversed, with directions to the lower court to overrule the demurrers in accordance with this opinion.

Gray C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, with directions to the lower court to overrule the demurrers in accordance with this opinion.

McFarland, J., Lorigan, J., Henshaw, J.