[Civ. No. 5274. Third Appellate District.—May 7, 1935.]

JOHN EDWARDS et al., Appellants, v. MORTGAGE SECURITIES, INC., OF SANTA BARBARA (a Corporation) et al., Respondents.

Robertson, Crawford & Nichols and Harry W. T. Ross for Appellants.

Heaney, Price & Postel and Norman W. Ambrose for Respondents.

PAULSEN, J., *pro tem.*—Action to quiet title. Defendant corporation had judgment and plaintiffs appeal.

The essential and undisputed facts are these: On February 1, 1928, appellants executed a promissory note and deed of trust in favor of respondent for $10,850. The principal of the note was payable three years after date with interest payable quarterly. Respondent was given the option to declare the whole sum of principal and interest immediately due and payable in the event of default in the payment of any instalment of interest. The interest was not paid on June 1, 1928, and on June 7, 1928, respondent recorded a notice of default and election to sell under the trust deed. On June 27, 1928, appellants conveyed the property described in the trust deed to a third party and thereafter it changed hands several times. None of appellants' successors in interest assumed payment of the indebtedness. On August 13, 1929, respondent, who had taken no steps to effect a sale of the property, recorded a cancellation of its notice of default and election to sell. Appellants had no actual knowledge of any steps or transactions taken or had after they conveyed the property on June 27, 1928. On May 13, 1931, respondent notified appellants that the interest on the note was due; that they were personally liable for any deficiency that might arise in the event of sale, and demanded additional security. Relying upon this representation as to their personal liability, appellants conveyed certain other property to respondent. Subsequently, and after appellants had again defaulted in the payment of interest, said deed of trust was foreclosed by respondent who purchased the property and claimed a deficiency of $5,950.95. On January 4, 1932, appellants made a written demand for a reconveyance of the property given as additional security upon the ground that it had been obtained as the result of the misrepresentation of respondent and that there was no consideration for it. By

cross-complaint respondent sought to foreclose the lien on the additional security.

In addition to findings covering the foregoing facts, the court found that the representation of respondent that appellants were personally liable for a deficiency was true. Appellants moved to set aside the judgment and have judgment rendered in their favor, but this motion was denied by failure of the court to act upon it within the time required by law.

Appellants argue that the cancellation of the default without their consent, and after their conveyance of the property to a third party, amounted to an extension of time to a principal debtor and that they, as sureties, were thereby released from any liability for a deficiency; that in the absence of such liability there was no consideration for the conveyance of May 13, 1931. The record does not show all the circumstances surrounding the giving of this conveyance and presumably some extension of time was given appellants as the result of it. In any event, no point is made as to the absence of consideration except that mentioned above.

"Where a conveyance is made of mortgaged property and the vendee does not assume payment of the mortgage debt, the relation of principal and surety springs up between the land and the mortgagor, he being the surety and the land being the principal debtor, and he becomes at once entitled to all the protection which the law gives to sureties. . . . Where there is an extension of time by the creditor to the principal, without the consent of the surety, the latter is released" from further liability. (*Braun* v. *Crew*, 183 Cal. 728 [192 Pac. 531], and cases there cited.)

It must be conceded that if the cancellation of the default by respondent under these circumstances actually amounted to an extension of time not contemplated by the original contract, the appellants would have been released and there would have been no consideration for the conveyance in question. But it does not appear that such an extension was given. By the express terms of the note it did not mature until February 1, 1931. The option given respondent to declare a default earlier because of nonpayment of interest was inserted solely for its benefit. Its election to exercise this right did not preclude it from waiving the

default at a later date. In *Moore* v. *Russell*, 133 Cal. 297 [65 Pac. 624, 85 Am. St. Rep. 166], a case involving a note and mortgage, the court said: "It is firmly established that an option of that character is a mere penalty put on the maker, in favor of the holder of the note, which the latter may waive, and that even his express declaration of an election to exercise the option does not put it out of his power to waive it." In *California Sav. etc. Soc.* v. *Culver*, 127 Cal. 107 [59 Pac. 292], ·the holder of the note had declared a default for nonpayment of interest and had brought suit to foreclose the mortgage. Later, but before maturity of the note, he accepted the interest due and dismissed the suit. The court held that as the option was given for his benefit his bringing of the suit did not put it out of his power to waive the default and that the statute of limitations started to run from the date of maturity and not from the time the original default was declared. (See, also, *Hinkel* v. *Crowson*, 83 Cal. App. 87 [256 Pac. 479].) It is true that these cases did not involve an application of this rule to the relation of principal and surety, but they recognize a principle of law that is determinative of the instant case. Appellants' whole argument is based upon the proposition that when the default was once declared the original contract was irrevocably terminated, and that the waiver of the default constituted a new contract of extension. Such is not the law. The only effect of the waiver was to restore the original contract to its full force and effect and this was done by a provision of the note, previously consented to by the surety, and not by a new contract between respondent and the principal. "To constitute an extension discharging the surety, it should appear that the extension was for a definite time, pursuant to an enforceable agreement, between the principal and creditor." (50 C. J. 136, sec. 227.) The present case does not meet this test.

It appears that the cancellation of the default restored the original obligation so that it matured on February 1, 1931. ▮ Thereafter additional security was given and foreclosure was further postponed. But the delay occasioned by these voluntary acts of cancellation and postponement did not discharge the surety. It is well settled that mere forbearance, delay or discontinuance of proceedings by the credi-

tor do not effect a release of a surety. (*Vogel Bros. & Co. v. Bastin,* 84 Okl. 273 [203 Pac. 219]; 21 R. C. L. 1020, sec. 67; 50 C. J. 162, sec. 264.)

It follows from the foregoing conclusions that at the time respondent made its demand for additional security, appellants were still liable for a deficiency in the event of sale and therefore that the deed was not given without consideration on such account.

Judgment affirmed.

Thompson, J., and Pullen, P. J., concurred.