[Civ. No. 5644.   Third Appellate District.—February 11, 1937.]

OCCIDENTAL LIFE INSURANCE COMPANY (a Corporation), Respondent, v. COURTNEY McCRACKEN, Appellant.

McClure & Combs for Appellant.

Hurt, Farmer & Hurt for Respondent.

THE COURT.—This was an action to foreclose a mortgage on real property.   Judgment of foreclosure was entered providing for a deficiency judgment against appellant in case the sale did not satisfy the judgment.   Appellant does not

complain of the judgment decreeing a foreclosure but appeals from that portion which provides that the respondent recover from him a deficiency judgment.

In 1926 Appellant Courtney McCracken executed and delivered to one Stevenson a promissory note and to secure the repayment thereof executed a mortgage upon certain real property. Through various transfers the note and mortgage, before maturity, became the property of Occidental Life Insurance Company, who was the owner and holder at the time this action was brought. Also the mortgaged premises were, shortly after the execution of the mortgage, sold and conveyed to defendants herein, the deed of conveyance reciting that the real property therein described was conveyed subject to the mortgage.

Shortly before maturity demand for payment was made and a small remittance paid on account, but the note remained unsatisfied. After maturity defendants wrote to the insurance company, the holders of the note and mortgage, that they were unable to pay the note in full but could pay $200 on account and $30 a month until the note was discharged. This was accepted by the company and the debtors made several payments, including monthly interest payments, computed at the rate of 6 per cent per annum. Later defendants found they could not keep up the payments and foreclosure was instituted and the judgment, including a deficiency judgment against McCracken, was entered. It is the claim of McCracken that he was released from personal liability on the debt by the extension of time given without his consent by respondent to the subsequent holder of the land.

There is no doubt, and it is so held in *Braun* v. *Crew*, 183 Cal. 728 [192 Pac. 531], under facts very similar to the instant case, that where a vendee takes land subject to a mortgage, the land becomes, so far as the mortgagor is concerned, as between him, the creditor, and the vendee, primarily liable for the payment of the debt, and the relation of principal and surety arises, the mortgagor being the surety and the land the principal debtor, and he is entitled to all the protection which the law gives to sureties. A surety is exonerated (sec. 2819, Civ. Code), if by any act of the creditor, without the consent of the surety, the original position of the principal is altered in any respect. Under these prin-

ciples it is held in *Braun* v. *Crew, supra,* that by the agreement of the mortgagee with the then owner extending the time of payment of the then matured debt without the consent of the mortgagor, the original obligation of the principal was materially altered, and the mortgagor and surety for the payment of the debt is by such extension of time exonerated from further liability.

After coming to this conclusion it is necessary to determine if the agreement extending the time was a valid contract, for if it were not a valid and binding extension, then, of course, the mortgagor would not be discharged; or, as stated in section 2820 of the Civil Code, "A promise by a creditor, which for any cause is void or voidable by him at his option, does not alter the obligation or suspend or impair the remedy. . . . " The only point at issue as to the validity of the extension is whether it was based upon a sufficient consideration. Section 1605 of the Civil Code defines a good consideration as "any benefit conferred, or agreed to be conferred, upon the promisor, by any other person to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promisor".

It has many times been held that an agreement for payment of a part of the amount due is without consideration. (*Dean* v. *Sedan Milling Co.*, 19 Cal. App. 28 [124 Pac. 736]; *Stroud* v. *Thomas,* 139 Cal. 274 [72 Pac. 1008, 96 Am. St. Rep. 111]; *Bradbury* v. *Thomas,* 135 Cal. App. 435 [27 Pac. (2d) 402].) Here, however, the time of payment of the balance due was extended, monthly payments were provided for, and the interest payments and rate on the amount due changed from 6 per cent payable semiannually to 6 per cent payable monthly. Something more than merely paying a portion of the mortgage due was done. Things not contemplated by the original contract were here undertaken, such as paying the interest in advance in monthly instalments, instead of seminannually as provided in the note, and the forbearance of legal action to collect the debt while the new agreement was being faithfully performed. In 13 California Jurisprudence, page 355, a consideration is held good and sufficient "if it is the doing or the promising to do something which was not, either expressly or impliedly, a part of the subsisting contract, or was not con-

templated by the parties as falling within the provisions. Under this rule a promise to extend time of payment of a debt in consideration of a promise of the debtor to pay interest where none was reserved in the original contract, or to pay increased interest, is binding; so payment of interest in advance will afford a consideration, or payment of interest monthly instead of yearly, or payment of the debt, or part thereof, before it is due, or in a different medium, or at a different place than that contracted for''.

This principle has been recognized and embodied in the American Law Institute Restatement of the Law of Contracts, as follows:

''A owes B a matured liquidated debt bearing interest. Mutual promises to extend the debt for a year are binding, though the rate of interest is below that which the law allows on overdue debts for which no interest has been contracted. A might have paid the debt and altogether prevented B from acquiring a right of interest.''

Here the insurance company could have foreclosed upon the security of the obligation, but the owner of the property was anxious to avoid such procedure and purchased immunity by agreeing to do something he was not legally bound to do, namely, pay the mortgage debt at the rate of $30 per month, with interest payable monthly. As to the interest payments particularly no one had theretofore been required to make payments thereof oftener than semiannually or different than in a lump sum. This of itself constituted a material change in the original contract and became a sufficient consideration for the extension payment.

The judgment appealed from is therefore reversed.