[Civ. No. 10660. First Appellate District, Division One.—August 31, 1938.]

THE PEOPLE, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

Thomas E. Davis and Thomas, Beedy & Paramore for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney and James J. Arditto, Deputies Attorney-General, for Respondent.

MAXEY, J., *pro tem.*—During the years 1931 and 1932 (and at other times not herein involved) David E. Brown and Owen M. Sullivan, doing business under the firm name and style of Brown & Sullivan, engaged in the business of refining, producing and distributing motor vehicle fuel in the state of California.

In April, 1931, pursuant to the provisions of the Motor Vehicle Fuel License Tax Act (Stats. of 1923, p. 572), as amended by the Statutes of 1931, page 107, said Brown and Sullivan applied to the state board of equalization of the state of California for a license authorizing them to engage in business as distributors of motor vehicle fuel.

In compliance with the provisions of said act and as a condition precedent to the granting of a license authorizing them to engage in business, Brown & Sullivan as principals, on May

2d, 1931, made, executed, and delivered to the state of California a bond in the sum of $5,000, conditioned as provided in said act and which said bond was filed with the state board of equalization. The defendant and appellant, Fidelity & Deposit Co. of Maryland, executed this bond as surety for the said principals.

Thereafter Brown & Sullivan engaged in the business of refining, producing and distributing motor vehicle fuel and thereby became liable for the payment of the taxes due the state of California. They failed to pay the taxes for the month of April, 1932, in the sum of $12,278.76, which became due and payable on the 1st day of June, 1932, and the penalty of 10 per cent as provided in the act was added, making a total sum due and unpaid for said month of April, 1932, of $13,506.64; they failed to pay the taxes for the month of May, 1932, in the sum of $8,752.17, which became due and payable July 1, 1932, and a penalty of 10 per cent was added, making a total sum due and unpaid for the month of May, 1932, of $9,627.39, or a total indebtedness for the two months of $23,134.03.

On or about June 30, 1932, the state controller seized the property of Brown & Sullivan, and sold the same at public auction, and applied the net proceeds of the sale, in the sum of $4,976.94, to the indebtedness of Brown & Sullivan, leaving a balance due to the state of California of $18,157.09.

The complaint, setting forth the foregoing facts, was filed September 6, 1932, and prayed for judgment in the sum of $5,000 against the appellant herein. The action was predicated upon the bond and the principals thereon were not made parties to said action.

Appellant filed an answer on September 13, 1932, denying liability. The record is silent as to any further proceedings being had for a full period of four years after the action was at issue.

On September 14, 1936, appellant filed notice of motion for leave to file an amended and supplemental answer and on September 18, 1936, by leave of court, filed its amended and supplemental answer, pleading as an affirmative defense that appellant's principal, Brown & Sullivan, had entered into an obligation with the state of California under the terms and provisions of section 3900a of the Political Code

of the state of California (Stats. of 1935, p. 795), without the knowledge or consent of appellant, whereby the time for the payment of the delinquent taxes by Brown & Sullivan had been postponed, and providing further for the payment by Brown & Sullivan of the entire amount of the delinquency to the state of California in monthly instalments at the rate of $113 per month for a period of 180 months, payable on the 1st day of each month, beginning on the 1st day of the calendar month next after the obligation was filed and accepted by the controller of the state of California, with interest at 4 per cent per annum for the first ten years, and 7 per cent per annum thereafter.

In order to fully comprehend the meaning and import of the legislature, the two statutory provisions are set forth in so far as pertinent to the matters involved herein: Section 2 of the Motor Vehicle Fuel License Tax Act (Stats.: of 1923, p. 572) was amended by the Statutes of 1931, page 107, to provide as follows:

"Sec. 2. Every distributor before April 1, 1931, and after this act becomes effective every person, firm, association or corporation before becoming a distributor shall make an application to the state board of equalization for a license authorizing such distributor, person, firm, association or corporation to engage in business as a distributor. . . . Before granting any license authorizing any person, firm, association or corporation to engage in business as a distributor, the state board of equalization must require such person, firm, association or corporation to file with said board, in such form as shall be prescribed by said board, a bond duly executed by such person, firm, association or corporation as principal and a corporation such as is mentioned in section 1056 of the Code of Civil Procedure of this state, as surety, payable to the People of the State of California, conditioned upon faithful performance of all of the requirements of this act and expressly providing for the payment of all license taxes, penalties and other obligations of such person, firm, association or corporation arising out of this act."

Section 3900a provides as follows:

"3900a. When any license tax imposed by the Motor Vehicle Fuel License Tax Act, approved May 30, 1923 (being Chapter 267 of the Statutes of the forty-fifth session of the

Legislature of this State), as amended, which tax accrued and became payable prior to January 1, 1935, remains unpaid, such delinquent license tax may be made payable in instalments, and the collection thereof postponed accordingly, by the filing with the State Controller prior to January 1, 1936, of a written instrument (hereinafter referred to as an 'obligation') executed by such distributor (hereinafter referred to as 'original distributor') . . . and undertaking to make payment of the amount of all delinquent motor vehicle fuel license taxes becoming payable prior to January 1, 1935, by the original distributor, and of all penalties accrued thereon by reason of the nonpayment thereof as provided in said act, in equal monthly instalments not exceeding one hundred eighty in all and payable on or before the first day of the calendar month next after the filing of said obligation and of each month thereafter until full payment of said delinquent taxes and penalties, together with interest on each such monthly instalment from January 1, 1935, to, and payable at, the time of payment of such instalment, at the rate of four per cent per annum for a period of ten years after filing of the obligation and at the rate of seven per cent per annum thereafter.''

On December 31, 1935, Brown & Sullivan executed and filed with the controller of the state of California the obligation specified in section 3900a and have since that time made the payments provided in the said obligation, and complied with all of the terms and conditions of the said obligation.

It is appellant's contention that the execution and acceptance of the obligation from Brown & Sullivan, under the provisions of section 3900a of the Political Code, without the knowledge or consent of appellants, relieved appellants of any liability under the bond previously given by it to secure the payment of the taxes to the state, as it effected such a material change in the status of the respective parties as to affect the substantial rights of the appellant.

Respondent contends there has been no change that would affect the right or liabilities of the parties, and that section 3900a of the Political Code is unconstitutional for the reason that it is special legislation of the type and kind prohibited by the Constitution of the state of California, and

that it might result in a gift of public moneys in violation of section 31 of article IV.

The reason for the enactment of section 3900a by the legislature of this state is purely conjectural. Suffice it to say that the legislature of the state of California, in its wisdom, deemed it proper and expedient to enact such a provision, thereby following various similar enactments of our own and many other states, as well as the federal government, in an endeavor to relieve an existing economic condition that was providing an unsurmountable burden to various branches of the business world.

This particular enactment applied only to a limited field, and only to those persons in that limited field who had been delinquent in the payment of their taxes for a limited or specified time. It had a dual purpose, in that it afforded the delinquent taxpayer under the Motor Vehicle Fuel License Tax Act, whose taxes accrued and became payable prior to January 1, 1935, and who availed himself of the provisions of the enactment prior to January 1, 1936, an opportunity of financial rehabilitation, and to pay the moneys owing by him without too serious injury to his business; it likewise afforded the state an opportunity to collect in full, taxes owing to it that could not be otherwise collected. Under then existing economic conditions, such legislation could not possibly be classed as special legislation.

Nor could it be said that the failure of the state to collect upon the bond was or is a gift of public money, because under said section 3900a of the Political Code, an express effort is made to secure to the state, not alone the sum specified in the bond, but the entire indebtedness due and owing by Brown & Sullivan which was in a far greater amount than that due and owing under the bond itself.

Respondent is not in a position to attack the constitutionality of section 3900a of the Political Code. The state of California is the plaintiff and respondent herein; it is receiving the benefits of the provisions of section 3900a in the way of payments from the principals upon the bond in question, and cannot, while receiving such benefits, at the same time declare that the vehicle providing such benefits is illegal and void. Section 3900a is not an amendment to the Motor Vehicle Fuel License Tax Act of 1931, but is supple-

mental to and in assistance of the terms and provisions thereof. Neither justice nor common sense permit the state to accept the benefits of the enactment with one hand, and use the other to void the very provisions that create those same benefits.

It is too well settled both by code enactment and by judicial determination to need any citations, that where there is a material change of the status of the parties to a bond, affecting their substantial rights, without the knowledge or consent of the surety, the surety is relieved from any obligation thereunder. (Civ. Code, secs. 2819, 2840.) (*First Congregational Church of Christ* v. *Lowrey*, 175 Cal. 124-126 [165 Pac. 440].)

The condition of the bond in the instant case was to secure the payment of the taxes due to the state, and the compliance of the terms and conditions of the Motor Vehicle Fuel License Tax Act. So far as the record discloses, all conditions were complied with save and excepting the payment of the taxes. The bond was therefore a surety for such payment and not a penalty for failure to pay them. Had the delinquencies been in a sum less than the amount of the bond, the liability of the surety would have been the amount of such delinquency, and no more. The fact that the delinquencies amounted to more than the bond does not change its character.

During the *interim* from September 13, 1932, when the issue was originally joined, until the effective date of section 3900a of the Political Code, the plaintiff could have undoubtedly enforced the payment of the bond. This time was even extended until December 31, 1935, when Brown & Sullivan availed themselves of the opportunity to enter into the obligation with the state controller. Had judgment been entered against appellant upon the bond and that judgment paid by appellant, it could have, in turn, obtained judgment against Brown & Sullivan, and in due course enforced such a judgment. Brown & Sullivan were then delinquent and in default.

It cannot now be seriously contended the same situation prevails. The plaintiff has entered into an obligation with the principals of the bond for which appellant is surety. The amount of the obligation is the total amount of the prior delinquency; Brown & Sullivan are not in default under the

obligation of December 31, 1935. The time of payment has been postponed, no provision for credit for moneys paid by the surety on behalf of Brown & Sullivan is contained in the obligation, nor in section 3900a of the Political Code.

█ We must therefore conclude that the legislature omitted reference of any kind to the surety mentioned in the act of 1931 intentionally, and with full knowledge of the resulting consequences.

Since the principals are not now in default under the obligation entered into in December 31, 1935, the surety could not collect from them the amount it would be compelled to pay under the bond. This in our opinion constitutes such a material change in the status of the parties, so affecting the substantial rights of the appellant, as to release it from liability upon its bond.

The judgment is reversed, with directions to enter judgment for the defendant, appellant herein, in accordance with the views herein expressed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 30, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 27, 1938.