[Civ. No. 8621.   Fourth Dist., Div. Two.   Jan. 11, 1968.]

CHARLES EDWIN WISE et al., Plaintiffs and Appellants, v. JACK W. CLAPPER et al., Defendants and Respondents.

Holcomb, Kassel & Ward and W. R. Holcomb for Plaintiffs and Appellants.

Ray R. Goldie and Dennis L. Collier for Defendants and Respondents.

TAMURA, J.—This is an action on a promissory note against the maker and the guarantors. The court found that plaintiffs granted the maker an extension of time without the knowledge or consent of the guarantors and concluded that the latter were thereby exonerated. Judgment was entered accordingly and plaintiffs appeal.

The issues are (1) whether the evidence supports the finding that plaintiffs granted an extension of time, and (2) whether the finding supports the conclusion that the guarantors were thereby discharged.

The evidence relevant to the issues presented may be summarized as follows:

On January 20, 1964, Golconda Utilities Company (Golconda) executed and delivered to defendants Jack W. Clapper and Yvonne Clapper, husband and wife, its unsecured promissory note for $15,000 payable April 20, 1964, with interest at 6 percent per annum payable on maturity ". . . and, if not so paid to be compounded and bear the same rate of interest as the principal."

On January 23, 1964, the Clappers sold and assigned the note to plaintiffs Charles Wise and Marilyn Wise, husband and wife, and guaranteed its payment. The assignment and guaranty which were typewritten on the bottom of the note provide: "For value received, the undersigned do hereby sell, assign and transfer to CHARLES EDWIN WISE and MARILYN

M. WISE, husband and wife as Joint Tenants, their right, title and interest in and to the within note. In consideration of the purchase of the within note, the undersigned guarantee payment of the full amount thereon and covenant that if default be made in payment as therein provided to pay the full amount then unpaid upon demand.''

On April 22 or 23, 1964, Mr. Wise called Mr. Clapper and informed him that the note was not paid on maturity. Mr. Clapper suggested that a demand be made on Golconda and he furnished Mr. Wise its address.

Thereafter by a letter dated April 29, 1964, Mr. Wise made a demand on Golconda. Mr. Payne, president of Golconda, responded by a letter dated May 9, 1964, in which he stated in part, ''. . . we hope to be able to pay the full amount before the 31st of July, 1964, and request your cooperation . . .'' Shortly thereafter Mr. Wise and Mr. Payne met to discuss payment of the note, the substance of the conversation being as follows: Mr. Wise stated that he needed at least $3,000 immediately to complete a pending business transaction. Mr. Payne stated that he would be able to pay that amount forthwith and hoped to have the balance by July 31, 1964, as he had previously indicated in his letter of May 9, Mr. Wise indicated that if $3,000 were paid immediately he ''could wait'' until July 31 for the balance.

On June 4 or 5, 1964, Mr. Payne mailed plaintiffs a check for $3,000 with an accompanying letter stating that $2,587.50 was to be applied to principal and $412.50 to interest to June 5, 1964. Plaintiffs cashed the check but did not apply the proceeds in any particular manner either to principal or interest.

Mr. Clapper testified that he had no knowledge that a partial payment had been made or that the note had remained unpaid.

In a memorandum opinion the judge determined that plaintiffs ''did grant an extension of time'' without the consent of the Clappers and that the latter were thereby discharged. He further observed, however, that ''the testimony indicated some uncertainty as to when the balance due on the note was to be paid,'' but stated that in his view the law did not require the extension of time to be for a definite period.

In the formal findings, the court found that some time between May 9 and before June 5, 1964, ''plaintiffs agreed to and did grant valid extension of time'' to Golconda and that the agreement was made without the knowledge or consent

of defendants. The court concluded that the extension constituted a "material alteration" of the original obligation which discharged the guarantors.

█ ██ ██ █ Plaintiffs contend that the evidence does not support the finding that they agree to grant an extension of time for payment; that it merely established the acceptance of a partial payment coupled with a delay in the enforcement of the obligation, neither of which exonerates a surety.[1]

█ The acceptance by a creditor of partial payment reduces to that extent the obligation of a surety, but does not otherwise affect it or exonerate the surety. (Civ. Code, § 2822.) And a mere delay on the part of the creditor to proceed against the principal does not exonerate the surety. (Civ. Code, § 2823; *Edwards* v. *Mortgage Securities, Inc.,* 6 Cal. App.2d 641, 644-645 [44 P.2d 1056]; *Withers* v. *Bousfield,* 42 Cal.App. 304, 319 [183 P. 855].) But an extension of time of payment without the consent of the surety constitutes a material alteration of the original obligation and discharges the surety. (*Braun* v. *Crew,* 183 Cal. 728, 733 [192 P. 531]; *Daneri* v. *Gazzola,* 139 Cal. 416, 418 [73 P. 179]; *Morley* v. *Dickinson,* 12 Cal. 561, 563; *Williams* v. *Covillaud & Murray,* 10 Cal. 419, 425-426; *Mortgage Finance Corp.* v. *Howard,* 210 Cal.App.2d 569, 572 [26 Cal.Rptr. 917]; *People* v. *Fidelity etc. Co. of Maryland,* 28 Cal.App.2d 325, 332 [82 P.2d 495]; *Edwards* v. *Mortgage Securities, Inc., supra,* at p. 643.) Injury to the surety is presumed as a matter of law and, hence, it is not a matter which the creditor may inquire into. (*Braun* v. *Crew, supra; Bridge* v. *Connecticut Mut. Life Ins. Co.,* 167 Cal. 774, 782-783 [141 P. 375]; *Tuohy* v. *Woods,* 122 Cal. 665, 668 [55 P. 683]; *Mortgage Finance Corp* v. *Howard, supra; Brock* v. *Western Nat. Indem. Co.,* 132 Cal.App.2d 10 [281 P.2d 571]; see *Herd* v. *Tuohy,* 133 Cal. 55, 62 [65 P. 139]; *Gross* v. *Parrott,* 16 Cal. 143, 145.) Although extension of time has been characterized as "one of the more technical suretyship defenses" (see *Mortgage Guarantee Co.* v. *Chotiner,* 8 Cal.2d 110, 122 [64 P.2d 138, 108 A.L.R. 1080]), it is still a valid defense in this state. (*Brock* v. *Western Nat. Indem. Co., supra,* at p. 16; see *Mortgage Finance Corp.* v. *Howard, supra,* at p. 572.)

The prevailing rule in the United States is that, in order to exonerate a surety, the agreement to extend time must be

---

[1]Distinctions between guaranty and suretyship have been abolished in California. (See Civ. Code, § 2787; *Hill & Morton, Inc.* v. *Coughlan,* 214 Cal.App.2d 545, 548 [29 Cal.Rptr. 550].)

binding on the creditor and the principal; that is, it must possess all of the elements of a valid contract, including consideration. (Stearns, Law of Suretyship (5th ed.), pp. 135-139; Rest., Securities, § 129, com. c.) This was formerly the rule in California, both by decisional law, (*Braun* v. *Crew, supra,* 183 Cal. 728; *Bridge* v. *Connecticut Mut. Life Ins. Co., supra,* 167 Cal. 774; *Occidental Life Ins. Co.* v. *McCracken,* 19 Cal.App.2d 239, 241 [65 P.2d 130]; *Dean* v. *Sedan Milling Co.,* 19 Cal.App. 28, 31-34 [124 P. 736]; *Edwards* v. *Mortgage Securities, Inc., supra,* 6 Cal.App.2d 641, 644; *Robson* v. *O'Toole,* 60 Cal.App. 710, 712 [214 P. 278].) and by section 2820 of the Civil Code.

■ As originally enacted, section 2820 read: "A promise by a creditor, which for any cause is void, or voidable by him at his option, does not alter the obligation or suspend or impair the remedy, within the meaning of the last section." In 1939 it was amended so that the law is now the exact reverse of what it had formerly been. As amended, the section reads: "That a promise by a creditor is for any cause void, or voidable by him at his option, shall not prevent it from altering the obligation or suspending or impairing the remedy within the meaning of the last section." Thus, the fact that an extension agreement is subject to rescission at the option of the creditor no longer precludes it from discharging the surety. (1 Witkin, Summary of Cal. Law (1960) p. 731.)

■ Defendants contend that the "agreement" in the present case was supported by consideration because the principal paid interest beyond the maturity date to June 4, 1964. Where, however, the note by its terms provides for payment of interest after maturity, payment of interest has been held not to be a valid consideration. (*Dean* v. *Sedan Milling Co., supra,* 19 Cal.App. 28, 31-34.) But, by virtue of the 1939 amendment to section 2820, this fact alone would not prevent the present "agreement," if otherwise sufficient, from exonerating the surety.

Under common law an agreement to extend time does not exonerate a surety unless the extension is for a definite period (Stearns, Law of Suretyship (5th ed.), *supra,* p. 142.) That requirement has been recognized by judicial decisions in California. *Braun* v. *Crew, supra,* 183 Cal. 728, 732; *Daneri* v. *Gazzola, supra,* 139 Cal. 416, 418; *Morley* v. *Dickinson, supra,* 12 Cal. 561, 563; *Williams* v. *Covillaud & Murray, supra,* 10 Cal. 419, 425-426; *Edwards* v. *Mortgage Securities, Inc., supra,* 6 Cal.App.2d 641, 644.) Decisions in which an ex-

tension of time has been held to exonerate all involved an extension for a definite period. (See, e.g., *Braun* v. *Crew, supra,* 183 Cal. 728; *Bridge* v. *Connecticut Life Ins. Co., supra,* 167 Cal. 774; *Herd* v. *Tuohy, supra,* 133 Cal. 55; *Tuohy* v. *Woods, supra,* 122 Cal. 665; *Gross* v. *Parrott, supra,* 16 Cal. 143; *Brock* v. *Western Nat. Indem. Co., supra,* 132 Cal.App.2d 10.)

In our opinion the amendment to section 2820 did not have the effect of dispensing with the former requirement that an extension agreement be for a definite period. In *Gift* v. *Ahrnke,* 107 Cal.App.2d 614, 619 [237 P.2d 706], the court made the following relevant observation concerning the effect of section 2820 as amended in 1939: "Moreover, the fact that a void or voidable promise 'shall not prevent it' from altering the obligation or impairing the remedy (within the meaning of § 2819) falls far short of saying that such a promise in all cases operates as such an alternation or impairment. Conceivably, it might so operate when the rights of third parties intervene or other circumstances have occurred which prejudicially affect the surety." ▮ Section 2820 must be read in the context of section 2819 which requires a material alteration in the original obligation in order to exonerate the surety. Thus before it can be deemed to be a material alteration which, without a showing of detriment or prejudice to him, operates to discharge the surety as a matter of law, the agreement or promise to extend time, though void or voidable at the option of the creditor, must be for a definite period.

In the present case, plaintiffs contend that the evidence does not support a finding that they promised or agreed to extend the time of payment to July 31, 1964, as urged by defendants. We need not resolve that question because the court merely found that plaintiffs agreed to grant a "valid extension of time"; it did not find that the agreement was to extend time to July 31, 1964. The word "valid" being a legal conclusion cannot be construed as supplying the deficiency.

▮ In the absence of a request for special findings, a reviewing court may ordinarily presume that the trier of fact made all material findings and uphold the judgment on implied findings (Witkin, Cal. Procedure (Supp.) pp. 667-668.), but a finding should not be presumed or implied where the record discloses that the trial court expressly declined to make it. (*B. C. Richter Contracting Co.* v. *Continental Cas. Co.* 230 Cal.App.2d 491, 504 [41 Cal.Rptr. 98]; *Satchell* v. *Industrial Acc. Com.,* 94 Cal.App.2d 473, 475 [210

P.2d 867].) ██ In the case under review it is apparent from the trial judge's memorandum opinion that the findings and judgment rest upon the assumption that an agreement or promise to extend time need not be for a definite period.[2] In these circumstances, we cannot, as urged by defendants, uphold the judgment by presuming or implying that the court found that plaintiffs promised or agreed to extend time of payment to July 31, 1964.

██ We thus have a situation where the court failed to find on what we have concluded to be a material issue and it being uncertain what findings it would have made on that issue, the judgment must be reversed. (*B. C. Richter Contracting Co.* v. *Continental Cas. Co.*, *supra*, 230 Cal.App.2d 491, 504-505; see *Mitidiere* v. *Saito*, 246 Cal.App.2d 535, 539 [54 Cal.Rptr. 665].)

The judgment is reversed and the cause is remanded for the following limited purpose: The trial court is directed to make a finding as to whether or not the agreement to extend time was for a definite period and thereafter to enter judgment consistent with the views expressed in this opinion. If the trial court concludes that the present record contains sufficient evidence upon which to make that finding, it may do so without taking additional evidence; if the court, in its discretion, determines that additional evidence is necessary to resolve that issue, it may reopen and receive evidence for that limited purpose.

McCabe, P. J., concurred.

---

[2]Although a trial judge's memorandum opinion may not be used to impeach a finding, it may be referred to for the purpose of determining the process by which he reached his conclusion and as an aid in interpreting findings where interpretation is necessary. (*Blackburn* v. *Drake*, 211 Cal.App.2d 806, 819 [27 Cal.Rptr. 651]; *1st Olympic Corp.* v. *Hawryluk*, 185 Cal.App.2d 832, 838 [8 Cal.Rptr. 728].)