[Civ. No. 38323. Second Dist., Div. Four. Nov. 30, 1971.]

ANNA B. OLESON et al., Plaintiffs and Respondents, v.
A. G. TELLSON et al., Defendants and Appellants.

## COUNSEL

Charles L. Lippitt for Defendants and Appellants.

Calabro, Calabro & Calabro and Anthony J. Calabro for Plaintiffs and Respondents.

## OPINION

**KINGSLEY, J.**—Defendants A. G. Tellson and Anne H. Tellson appeal from a judgment against them. Defendants purchased a business and executed a promissory note for $27,000 to the sellers. That promissory note

was assigned to plaintiffs Anna Oleson and Olaf Oleson as holders, and payments were made by defendants. Gerald Wikes and Joelann Wikes purchased the business from defendants and agreed to assume the obligation under the promissory note. Plaintiffs were informed of the sale of the business and were requested to file a beneficiaries' statement with the escrow, which they did. Plaintiffs accepted one payment in full from the Wikes subsequent to the closing of escrow, and thereafter plaintiffs accepted payments of interest, only. Defendants were not informed by plaintiffs that plaintiffs were accepting only interest as payments from the Wikes.

The promissory note included an acceleration clause which provided that the holder of the note had the option of declaring the whole principal and interest immediately due on transfer of the business. Plaintiffs did not exercise their rights under the acceleration clause.

After the aforesaid payments by the Wikes, the Wikes were discharged from their obligations to make further payments as a result of bankruptcy proceedings.

Trial by the court was held, a stipulation of facts was submitted, findings of fact and conclusions of law were filed and judgment was entered for plaintiffs for the amount unpaid on the note, with interest and (pursuant to a clause in the note) attorneys fees. Defendants have appealed. We affirm the judgment with a provision granting additional attorney fees on this appeal.

Defendants assert that the court erred in finding: (1) that they remained principal obligors on the promissory note; and (2) that a surety relation was not created by the acts of the parties. Defendants also urge that the acceptance by plaintiffs of the interest payment, only, without notification to defendants constituted an exoneration of plaintiffs' obligations as sureties.

We need not determine the interesting question of whether the knowledge by plaintiffs of the arrangement between the defendants and the Wikes had the effect of making defendants sureties as a matter of law.[1] Assuming that that was the result, the record does not support the contention that plaintiffs had exonerated defendants by their conduct in accepting the Wikes as obligors nor by accepting from the Wikes payments of interest, only, and not of the principal. The acceptance by a creditor of partial payment reduces to that extent the obligation of a surety, but does not other-

---

[1] On that issue, consult: *Everts v. Matteson* (1942) 21 Cal.2d 437 [132 P.2d 476]; *Westinghouse Credit Corp.* v. *Wolfer* (1970) 10 Cal.App.3d 63 [88 Cal.Rptr. 654]; *Matthews* v. *Hinton* (1965) 234 Cal.App.2d 736, 740-741 [44 Cal.Rptr. 692]; *Tompkins* v. *Powers* (1930) 106 Cal.App. 464 [289 P. 685]; Restatement, Security, section 83 (c), and comment thereto.

wise exonerate the surety. (Civ. Code, § 2822; *Wise* v. *Clapper* (1968) 257 Cal.App.2d 770 [65 Cal.Rptr. 231].) Nor would the plaintiffs' failure to exercise their rights under the acceleration clause operate to exonerate defendants. The holder of a note with an optional acceleration clause may bring an action to have the entire amount declared due if he chooses (see: Corbin on Contracts IA, § 265, p. 534; *Carmichael* v. *Rice* (1945) 49 N.M. 114 [158 P.2d 290, 150 A.L.R. 1072]), but the holders are not required to sue. Under Civil Code section 2823, the mere delay of a creditor to proceed against a principal or to *enforce any other remedy* does not exonerate the surety; forbearance alone does not release a surety. (*Edwards* v. *Mortgage Securities, Inc.* (1935) 6 Cal.App.2d 641 [44 P.2d 1056].)

The judgment is affirmed; in addition to the normal costs on appeal, plaintiffs shall recover such additional sum as the trial court, on remand, shall determine is a reasonable amount for their attorney fees on this appeal.

Files, P. J., and Dunn, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 26, 1972.