[No. A047399. First Dist., Div. Five. Sept. 25, 1990.]

STATE BOARD OF EQUALIZATION, Plaintiff and Appellant, v.
CURTIS CARLETON, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Timothy G. Laddish, Assistant Attorney General, Richard F. Finn, Jack Newman and Julian O. Standen, Deputy Attorneys General, for Plaintiff and Appellant.

Wilhelm, Thompson, Wentholt & Gibbs and David M. Sloan for Defendant and Respondent.

OPINION

LOW, P. J.—Appellant California State Board of Equalization appeals from a judgment entered in favor of respondent Curtis Carleton in an action to enforce a guaranty of indebtedness executed by respondent. We reverse. Respondent expressly consented to be responsible for any sales or use tax assessed against the taxpayer even if the principal obligation was materially altered without respondent's knowledge or consent.

Pursuant to Revenue and Taxation Code section 6701, respondent executed and delivered to appellant a written guaranty of the sales and use tax liability of the Curtis Surgical Supply company, later known as Vista Medical Supply, Inc. (hereafter taxpayer). During the period between April 1, 1983, and October 31, 1986, taxpayer incurred a sales tax liability of $14,735.88. When the liability was not paid, appellant commenced this

action against respondent for the full amount of the guaranty, $10,000. After a trial by the court, sitting without a jury, judgment was entered for respondent based on the court's conclusion that Civil Code section 2819 (hereafter section 2819) absolved respondent of any obligation undertaken by executing the guaranty. "Since there is no conflict in the extrinsic evidence in this case, the trial court's construction of the guaranty is not binding, and we must make an independent determination of its meaning." (*Southern Cal. First Nat. Bank* v. *Olsen* (1974) 41 Cal.App.3d 234, 241 [116 Cal.Rptr. 4].)

Section 2819 provides a complete defense for the surety when the principal obligation is materially altered without the consent of the surety.[1] "The theory underlying the rule is that a surety 'cannot be held beyond the express terms of his contract . . . .' [Citation.]" (*ITT Diversified Credit Corp.* v. *Highlands Ins. Co.* (1987) 191 Cal.App.3d 301, 305 [236 Cal.Rptr. 433].) The court accepted respondent's premise that he was discharged from liability under section 2819 because the taxpayer executed two waivers of limitation for definite periods of time, which respondent contends materially altered the terms of the taxpayer's obligation. The waivers of limitation were executed by the taxpayer on July 31, 1986, and on January 20, 1987; and these waivers essentially extended the time limitation prescribed by section 6487 of the Revenue and Taxation Code in which appellant could issue a deficiency determination.

Appellant makes two challenges to the court's holding that section 2819 absolved respondent of liability under the guaranty: (1) the taxpayer's execution of waivers, which allowed appellant to issue a deficiency determination beyond the statutory deadline, did not materially modify taxpayer's principal obligation; and (2) respondent waived any defense he might have had under section 2819 by agreeing his liability "shall be coextensive with that of the taxpayer and no change in the law or extensions, *waivers*, or modifications in the liability negotiated between the taxpayer and the State Board of Equalization shall in any way relieve [respondent] of his obligation herein." (Italics added.)

Section 2819 releases a surety from liability if the original contract or obligation "is altered in any respect" by the contracting parties without consent of the surety. To have that effect, however, the contract or obligation must be "materially altered." (*ITT Diversified Credit Corp.* v. *Highlands Ins. Co., supra*, 191 Cal.App.3d at p. 305.) Appellant seeks to avoid

---

[1] Section 2819 provides: "A surety is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, [are] in any way impaired or suspended."

the application of section 2819 by taking the position that the waivers of limitation granted by the taxpayer did not materially modify the terms of the original obligation. In so arguing, appellant seeks to distinguish a long line of cases standing for the proposition that an agreement between a creditor and debtor to extend time can be deemed a material alteration which operates to discharge the surety as a matter of law. (See, e.g, *Wexler v. McLucas* (1975) 48 Cal.App.3d Supp. 9, 14 [121 Cal.Rptr. 453]; *Westinghouse Credit Corp.* v. *Wolfer* (1970) 10 Cal.App.3d 63, 68 [88 Cal.Rptr. 654]; *Wise* v. *Clapper* (1968) 257 Cal.App.2d 770, 774 [65 Cal.Rptr. 231].) Appellant argues that, unlike the typical situation outlined in these cases, the agreement herein did not extend the time for the taxpayer to make a payment; instead, the agreement suspended a statutory time limitation and allowed appellant/creditor the right to issue an untimely deficiency determination. Despite this distinction, we believe the net effect of the contract modifications deemed material in the above-cited cases is parallel to the net effect of the contract modification in the case before us. The waivers of limitation signed by the taxpayer suspended taxpayer's rights and remedies against appellant and allowed appellant to collect taxes that would have otherwise been barred if the strict time limitations set out in Revenue and Taxation Code section 6487 were enforced. As such, these waivers constituted a material alteration to the original obligation which could operate to exonerate the surety under section 2819.

A surety is not exonerated by a change in the contract between the principal and creditor, and made with the surety's consent. Consent to such changes may be given in advance in the contract for the performance of the suretyship obligation. (*Bloom* v. *Bender* (1957) 48 Cal.2d 793, 801 [313 P.2d 568].) Appellant contends the contract of guaranty signed by respondent granted appellant and taxpayer consent to alter their original obligation. The contract states that respondent's liability "shall be coextensive with that of the taxpayer and no change in the law or extensions, *waivers*, or modifications in the liability negotiated between the taxpayer and the State Board of Equalization shall in any way relieve [respondent] of his obligation herein." (Italics added.) Respondent seeks to avoid the effect of this provision by arguing he is not bound by any waiver negotiated between appellant and taxpayer without his personal knowledge and consent; consequently, he argues he cannot be charged for any tax liability assessed beyond the time constraints of Revenue and Taxation Code section 6487. We conclude that this provision constitutes an unconditional promise to pay the liabilities of the taxpayer even if the principal obligation is *materially altered without the knowledge or express consent of the surety.*

Section 2819 provides for exoneration only as a result of acts to which the surety does not consent. Respondent consented to the possibility that the

taxpayer would waive the time limitations set out in Revenue and Taxation Code section 6487. The trial court erred in exonerating respondent of his personal guaranty.

The judgment is reversed.

King, J., and Haning, J., concurred.